GLORIA COUGHLIN *v.* CITY OF WATERBURY
(AC 20102)

Schaller, Zarella and Pellegrino, Js.

Submitted on briefs September 15, 2000—officially released January 2, 2001

*George E. Mendillo* filed a brief for the appellant (plaintiff).

*Michael J. Eagen* filed a brief for the appellee (defendant).

*Opinion*

ZARELLA, J. The plaintiff, Gloria Coughlin, appeals from the judgment of the trial court rendered following the granting of the motion filed by the defendant city of Waterbury to dismiss her personal injury action filed pursuant to General Statutes § 13a-149.[1] On appeal, the plaintiff claims that the court improperly (1) dismissed her complaint on the ground that it lacked subject matter jurisdiction, (2) concluded that the board of education of the city of Waterbury (board) had a duty to maintain the sidewalk where the plaintiff fell, and (3) concluded that the board had a duty to design and

---

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

construct the sidewalk. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiff alleged in her complaint that on March 17, 1998, while exiting the Driggs Elementary School, she fell at the mouth of the driveway leading to Pine Street. The driveway is also part of the sidewalk. She sustained injuries in the fall. The plaintiff also alleged that the sidewalk was defective and that the defendant had a duty to maintain the sidewalk where she sustained her injuries in a "reasonably safe condition." Furthermore, the plaintiff alleged that the defendant breached its statutory duty to the plaintiff by (1) allowing sand and pebbles to accumulate at the mouth of the driveway, (2) designing a ramp at the mouth of the driveway that was too steep, in violation of § 29-252-1a, subsection 815.3, of the Regulations of Connecticut State Agencies, (3) allowing a sidewalk to exist in a condition that was not reasonably safe for its intended uses and purposes, and (4) failing to detect the dangerous conditions of the sidewalk and to remedy them.

The defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction, claiming that the plaintiff failed to allege any statutory exception to the defendant's governmental immunity. The defendant also claimed that General Statutes § 10-220 (a)[2] mandated that the responsibility to maintain school property rested on the board, not the defendant. At the hearing on the motion to dismiss, the defendant presented an affidavit from the board's school inspector stating that "[t]he driveway, sidewalk, parking lot and

---

[2] General Statutes § 10-220 (a) provides in relevant part: "Each local or regional board of education shall maintain good public elementary and secondary schools . . . [and] shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes . . . ."

playground surrounding Driggs Elementary School in Waterbury is school property, not city property" and that the board was responsible for maintaining the property.

On April 29, 1999, the plaintiff filed an objection to the motion to dismiss and an affidavit stating that the defendant had the responsibility to maintain the area in front of the school where the plaintiff sustained injuries.[3]

In a memorandum of decision dated July 28, 1999, the court granted the defendant's motion to dismiss, concluding that the board was legally obligated to maintain the sidewalk where the plaintiff fell. The court stated that "the plaintiff's affidavit does not contradict any of the material facts attested to by the defendant's affiants."

On August 20, 1999, the plaintiff moved to reargue the motion to dismiss. In a supporting memorandum of law, the plaintiff argued that "[t]his is an allegation of a design defect" and that "the court erred in concluding, sub silentio, that it was the [board's] duty to design and construct the sidewalk where plaintiff fell." In an objection to the motion to reargue, the defendant claimed that the plaintiff failed to introduce any new facts or case law. On September 20, 1999, the court denied the plaintiff's motion to reargue. The court rendered judgment for the defendant on March 1, 2000. This appeal followed.

---

[3] The affidavit provided in relevant part:

"7. Pine Street is a road maintained by the City of Waterbury.

"8. During the winter months and inclement weather, the City of Waterbury applies sand to Pine Street.

"9. The sand which accumulated at the mouth of the driveway where I fell was sand applied by the City of Waterbury.

"10. It is the City of Waterbury's responsibility to maintain the roadway known as Pine Street and the gutters adjacent to the sidewalks in front of Driggs School."

The plaintiff first claims that the court improperly dismissed her complaint on the ground that it lacked subject matter jurisdiction. We agree.

"Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. See Practice Book § 60-5; *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 503, 646 A.2d 1289 (1994). [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). Thus, our review of the trial court's ultimate legal conclusion and resulting [action on] the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Wiggs*, 60 Conn. App. 551, 553–54, 760 A.2d 148 (2000).

" 'A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts.' " *Olson* v. *Accessory Controls & Equipment Corp.*, 54 Conn. App. 506, 515, 735 A.2d 881 (1999), cert. granted on other grounds, 251 Conn. 917, 740 A.2d 864 (1999). A motion to dismiss examines, inter alia, whether the court is without jurisdiction in light of the record. *Taft* v. *Wheelabrator Putnam, Inc.*, 55 Conn. App. 359, 362, 742 A.2d 366 (1999), cert. granted on other grounds, 252 Conn. 918, 919, 744 A.2d 439, 440 (2000).

In *Novicki* v. *New Haven*, 47 Conn. App. 734, 742, 709 A.2d 2 (1998), the following applicable principle was articulated. "Ownership of the property does not establish liability under § 13a-149 or [General Statutes] § 13a-144. Rather, it is the governmental entity charged with the 'duty . . . to keep [the property] in repair'

. . . or the 'party bound to keep [the property] in repair' . . . on which the statutes impose liability under certain circumstances." (Citations omitted.) Id.

In the present case, whether the court had subject matter jurisdiction is tied to the determination of which entity had the duty to maintain the property at the precise location of the plaintiff's fall.[4] See id., 739. As stated in *Novicki*, ownership of property is not dispositive of liability. Rather, the party charged with the duty to maintain the property is potentially liable. The parties' affidavits squarely conflicted as to which entity had the duty to maintain the property. Accordingly, a genuine issue of material fact exists as to where the plaintiff fell and whether the city or the board had the duty to maintain that property. Because the issue of maintenance remains in dispute and the resolution of the issue is determinative of the court's subject matter jurisdiction, the court was precluded from granting the motion to dismiss on the ground that it lacked jurisdiction.

"A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . . . [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." (Internal quotation marks omitted.) *Lampasona* v. *Jacobs*, 7 Conn. App. 639, 642, 509 A.2d 1089 (1986). When issues of fact are disputed, due process requires that an evidentiary hearing be held with the opportunity to present evidence and to cross-examine adverse witnesses. *Bradley's Appeal from Probate*, 19 Conn. App. 456, 467, 563 A.2d 1358 (1989). Moreover, a court cannot make a critical factual finding based on memoranda and documents submitted by the parties. See id. Here, the court resolved a critical fact on the

[1] See footnote 3.

basis of the complaint and the affidavits, both of which contained controverted facts. We conclude, therefore, that the court improperly decided the motion without holding an evidentiary hearing.

We now turn to the plaintiff's claim that the court improperly concluded, in effect, that the board had the duty to design and construct the sidewalk where the plaintiff fell. As noted previously, the plaintiff's complaint alleged that the defendant had the duty to design the sidewalk and that the design was flawed. The defendant did not contest this allegation in its motion to dismiss. After the court granted the defendant's motion, the plaintiff filed a motion to reargue, specifically pointing to the design defect issue. The court denied the motion and rendered judgment in favor of the defendant.[5] The defendant failed to present testimony or other evidence that it did not have the obligation to design and construct the sidewalk where the plaintiff sustained her injury. Therefore, the court improperly dismissed the plaintiff's claim as to the design defect issue.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[5] While the court did not explicitly address the design issue in its memorandum of decision, we can properly infer from the denial of the plaintiff's subsequent motion to reargue, which she based on the allegation that the city "has, as a matter of law, the duty to design and construct reasonably safe sidewalks," that the court implicitly decided this claim in favor of the defendant. Likewise, the plaintiff, in her brief to this court, stated that "[w]hile the court did not specifically address the claim, it must have determined that the duty to design and construct the sidewalk in question rested with the [board]."