[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103's)
According to the complaint, on June 12, 2000, the plaintiff, Allen Construction, Inc., through its president, Jesse Allen, filed a mechanic's lien on the town of Bridgeport's land records pursuant to General Statutes § 49-34, upon real property owned by-the defendants, Barbara Cabanilla and Victor Cabanilla. The plaintiff alleges that the defendants entered into a contract with the plaintiff for renovation of a building located at 1807 Park Avenue, Bridgeport, Connecticut and that the defendants owe the plaintiff $66,000 for services rendered under the contract. On August 3, 2000, the plaintiff filed this action seeking, inter alia, strict foreclosure of the lien, immediate possession of the premises, and a deficiency judgment.
On August 21, 2000, the defendants filed a motion to dismiss the complaint on the ground that the court lacks subject matter jurisdiction because the plaintiff did not exist as a corporation at the time it filed the mechanic's lien and commenced this action. The plaintiff filed, on September 11, 2000, an objection to the motion in which it asserts that it is a corporation in Nevada and is presently a corporation in Connecticut. Both parties filed memoranda of law and exhibits in support of their arguments. The court held an evidentiary hearing on the motion on December 18, 2000, and both parties filed supplemental memoranda thereafter. On January 10, 2001, the plaintiff filed a motion to cite in Jesse Allen d/b/a Allen Construction as a third party plaintiff pursuant to Practice Book § 9-18 and a corresponding amended complaint and amended notice of lis pendens. The plaintiff alleges therein that Jesse Allen d/b/a Allen Construction filed the mechanic's lien "under the misnomer Allen Construction, Inc." On January 22, 2001, the defendants filed an objection to the plaintiffs motion to cite in on the grounds, inter alia, that it is untimely and that the plaintiff erroneously filed a motion to cite in when it is actually seeking to substitute the plaintiff.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert CT Page 7853 . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "A motion to dismiss examines, inter alia, whether the court is without jurisdiction in light of the record."Coughlin v. Waterbury, 61 Conn. App. 310, 314, 763 A.2d 1058 (2001). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Malasky v. MetalProducts Corp., 44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied,241 Conn. 906, 695 A.2d 539 (1997).
"A classic situation in which a court lacks subject-matter jurisdiction is when the party prosecuting an action lacks standing to do so." Dilietov. County Obstetrics Gynecology Group, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150435 (January 27, 2000,Sheldon, J.). "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Steeneck v. University ofBridgeport, 235 Conn. 572, 580, 668 A.2d 688 (1995). "The plaintiff has the burden of proving standing." Fink v. Golenbock, 238 Conn. 183, 199,680 A.2d 1243 (1996). "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." (Internal quotation marks omitted.) Isaacv. Mount Sinai Hospital, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). An entity that does not have "a legal existence . . . can neither sue nor be sued." (Internal quotation marks omitted.) Id.
"Generally, a motion that raises the jurisdiction of the court must be dealt with prior to other motions seeking to amend the complaint or substitute parties; Figueroa v. C. S. Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996); however, where substitution is necessary for the determination of the real matter in dispute, the issues of substitution may be addressed under the reasoning that the courts should liberally interpret the rules of practice "in any case where it shall be manifest that a strict adherence to them would work injustice.' ITT Semiconductorsv. Matheson Gas, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 029553 (October 2, 1991, Maiocco, J.) (5 Conn.L.Rptr. 80). A prior ruling on the motion to substitute or amend is especially appropriate in instances where the defect is technical in nature. Giligan v. Atlantic Coast Cable, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323793 (February 5, 1998, Maiocco, J.) [(21 Conn.L.Rptr. 351)]; see also Pack v. Burns,212 Conn. 381, 384, 562 A.2d 24 (1989) ("[t]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it CT Page 7854 is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed')."Walker v. Gellert, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 066114 (December 22, 1999, Grogins, J.).
In several cases, judges of the Superior Court "have ruled on a motion to substitute a plaintiff while a motion to dismiss for lack of subject matter jurisdiction was pending." Nygren v. Steier, Superior Court, judicial district of Waterbury, Docket No. 156706 (January 10, 2001,Doherty, J.). A jurisdictional defect that is circumstantial but not fatal to the court's jurisdiction may be cured by amendment with the permission of the court after a motion to dismiss has been filed. Allenv. Freedman, Superior Court, judicial district of New Haven at New Haven, Docket No. 358124 (April 27, 1994, DeMayo, J.) (11 Conn.L.Rptr. 504, 505); California Microwave-Telecom Trans. v. State, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552196 (September 8, 1995, Corradino, J.) (15 Conn.L.Rptr. 39).
The defendants argue, in their memoranda of law supporting their motion to dismiss, that the plaintiff cannot maintain this action because the plaintiff did not exist as a corporation at the time the mechanic's lien and the foreclosure action were filed. The defendants contend that the mechanic's lien is not valid because the purported lien claimant is "Allen Construction, Inc.," which was dissolved by forfeiture in 1992 and, thus, as of the filing date, did not exist as a corporate entity and was not a corporation registered with Connecticut's secretary of state. The defendants contend that by 1996, the plaintiff lost its right to be reinstated as a corporate entity pursuant to General Statutes §§ 33-892
and 33-388, as amended by Public Acts 1996, No. 96-271, which removed the statutory language permitting dissolved corporations to be reinstated within three years after dissolution. The defendants contend, therefore, that the plaintiff did not have a corporate existence when it filed the mechanic's lien and foreclosure action and, pursuant to Isaac v. MountSinai Hospital, supra, 3 Conn. App. 600, does not have an actual legal existence to confer jurisdiction on the court. The defendants further contend that it is unclear whether the corporation that was forfeited in 1992, "Allen Construction, Inc.," is the same entity as the plaintiff in the present action, because the records of incorporation filed with the secretary of state are incomplete and inadequate to determine whether Jesse Allen, the president of the plaintiff corporation, was either the owner or a corporate officer of the forfeited entity. The defendants offer several exhibits that they claim show that the plaintiff did not exist as a corporate entity at the time the mechanic's lien was filed.
The plaintiff filed a supplemental memoranda and therein argues that the inclusion of "Inc." after Allen Construction was a misnomer or CT Page 7855 scrivener' s error and that the proper denomination should have been Allen Construction, otherwise known as Jesse Allen d/b/a Allen Construction. The plaintiff contends that it abided by the notice and service requirements set out in General Statutes §§ 49-35 (a) and 49-34
and, hence, the defendants were not misled or confused by the misnomer. The plaintiff further contends that its misnomer was a good faith mistake, which it is seeking to correct by filing a motion to cite in Jesse Allen d/b/a Allen Construction as a third party plaintiff. The plaintiff claims that the misnomer does not prevent the court from exercising subject matter jurisdiction. The plaintiff relies on General Statutes § 52-123 for the proposition that a proceeding shall not be set aside for circumstantial errors, mistakes or defects if the person can be properly understood, and points to Lussier v. Dept. ofTransportation, 228 Conn. 343, 348-49, 636 A.2d 808 (1994), in which the court interprets the terms "circumstantial errors, mistakes or defects" used in General Statutes § 52-123 to mean that when a correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer, which does not prevent the exercise of subject matter jurisdiction if the defendant was served and knew it was the intended defendant. The plaintiff also relies on the cases of Big Y Trust v. WescoDistribution, Inc., Superior Court, judicial district of Windham at Putnam, Docket No. 52042 (December 18, 1995, Sferrazza, J.) (15 Conn.L.Rptr. 501, 502) (upholding a mechanic's lien absent clear and convincing evidence that the misnomer was made in bad faith or caused the defendant to suffer prejudice);J.C. Penney Properties, Inc. v. Peter M. Santanella Co., Inc.,210 Conn. 511, 514, 555 A.2d 990 (1989) (stating that this state's public policy favors liberally construing claimed inadequacies in certificates of mechanic's liens in order to achieve the remedial purpose of the mechanic's lien statutes); Shattuck v. Beardsley, 46 Conn. 386
(1878), and Pierce, Butler Pierce Mfg. Corp. v. Enders, 118 Conn. 610,615-16, 174 A. 169 (1934) (setting forth our Supreme Court's long held position that a lien is valid if the misnomer, mistake or error contained in the lien notice or certificate does not appear to have misled or prejudiced any of the parties).
The defendants rely upon Isaac v. Mount Sinai Hospital, 3 Conn. App. 598
1985), the Appellate Court affirmed the trial court's granting of the defendant's motion to dismiss for lack of subject matter jurisdiction and its refusal to permit the plaintiff to amend her complaint. The Appellate Court concluded that the named plaintiff, who brought the action in her alleged capacity as administratix of her father's estate, never had a legal existence because the plaintiff had not been issued letters of administration until one year after commencing suit and after the statute of limitations had run and, therefore, no legal entity existed for which CT Page 7856 a substitution could be made. Id. The estate context of Isaac v. MountSinai Hospital versus the corporate context of the present action distinguishes the two cases. Isaac v. Mount Sinai Hospital, supra,3 Conn. App. 600-01, involved an action on behalf of an estate, which is not a natural person or legal entity capable of commencing suit in his or its own capacity. Rather, standing to bring a wrongful death action on behalf of an estate is only conferred by statutory appointment of an executor or administrator pursuant to General Statutes § 52-555. Id. Whereas, the present case involves an action for foreclosure of a mechanic's lien that was initiated by a corporation, which assuming it exists, is a legal entity with the legal capacity to sue and be sued under General Statutes § 33-647. Therefore, Isaac v. Mount SinaiHospital, supra, 3 Conn. App. 598, is inapplicable to and not controlling over the present action.
Authority exists that would permit the plaintiff to correct its misdesignation and/or misnomer or scrivener' s error through a motion to substitute or amend; see ITT Semiconductors v. Matheson Gas Products,5 Conn.L.Rptr. 80 (1991) (Maiocco, J.). However, the plaintiff improperly filed a motion to cite in a party plaintiff under Practice Book §9-18. However, the court will treat the motion to cite in as a motion to substitute. There appears to be no case in which the court has treated a motion to cite in as a motion to substitute or vice versa or utilized Practice Book § 10-60 to direct a party to amend a complaint to correct a defect resulting from a misdesignation or misnomer or scrivener's error; however, the commentary to Practice Book § 10-60
does cite to Crowell v. Middletown Savings Bank, 122 Conn. 362, 370,189 A. 172 (1937) for the proposition that the trial court has discretion to suggest or even direct that a party amend his pleading.
Accordingly, the Motion to Cite in is hereby treated as a motion to substitute and is granted and the Motion to Dismiss is denied. The court does not reach the issue of the validity of the lien.
RUSH, J.