[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 11, 2001, the plaintiff, Harvey Rubin, M.D. filed his proposed unsigned writ, summons and complaint attached to an application for prejudgment remedy, order for hearing, affidavit in support of the application and a form of summons against his former patient, the defendant, Tanimichi Sugita. The plaintiff asserts in his complaint that he provided medical and surgical services to the defendant on June 19th and 20th, 2000, amounting to $12,675.00 in fees. The plaintiff alleges that the defendant never paid for these services. Service of process on the defendant was executed by leaving a true and attested copy of the above documentation at the usual place of abode of Tanimichi Sugita. (Marshall Pottgen's return of service, dated April 23 2001). The defendant appeared on May 7, 2001, and is not contesting the sufficiency of this service. A hearing on the prejudgment remedy was held by the court, Mintz, J. on May 7, 2001. The court signed the order for prejudgment remedy on that day.
Subsequently, on May 16, 2001. the plaintiff purportedly served a true and attested copy of the writ, order of attachment, summons and complaint on the defendant at the defendant's usual place of abode. (Marshal Pottgen's return of service, dated May 16, 2001). The defendant appeared in the case on June 13, 2001.
On July 12, 2001, the defendant filed a motion to dismiss on the ground that this subsequent service was not received and that as a result, this court lacks personal jurisdiction. The defendant filed a supporting memorandum, but did not file any supporting affidavits or evidence. The defendant argues that the plaintiffs failure to serve the writ, summons and complaint is evidenced by the absence of these documents from the CT Page 14821 court file. The plaintiff filed an objection and memorandum in which he counters this argument by asserting that he complied with all statutory rules of service and that the marshal's return is prima facie evidence of service. Additionally, the plaintiff argues that all necessary documents are indeed available in the court file.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotations marks omitted.) Coughlinv. Waterbury, 61 Conn. App. 310, 314, 763 A.2d 1058 (2001). Practice Book § 10-31(a)(2) provides that "a motion to dismiss shall be used to assert . . . lack of personal jurisdiction." "A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.)Brunswick v. Inland Wetlands Commission, 222 Conn. 541, 551, 610 A.2d 1260
(1992).
General Statutes § 52-57 (a) provides that service of process on an individual defendant shall be made by leaving a copy of it with the defendant or at his or her usual place of abode. A plaintiff seeking jurisdiction over an individual residing in Connecticut must serve the defendant either in hand or by abode service. See Tarnopol v. ConnecticutSiting Council, 212 Conn. 157, 163, 561 A.2d 931 (1989). "The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the [officer's] return, if true, confer jurisdiction." (Internal quotation marks omitted.) Standard TallowCorp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983).
An officer's return is prima facie evidence of the facts stated therein. Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 390,132 A.2d 573 (1957); see also, Genung's, Inc. v. Rice, 33 Conn. Sup. 554,362 A.2d 540, cert. denied, 171 Conn. 739, 358 A.2d 700, cert. denied,429 U.S. 929, 97 S.Ct. 336, 50 L.Ed. 300 (1976). The return, however, may be contradicted and facts may be introduced to show otherwise. Genung's,Inc. v. Rice, supra, 33 Conn. Sup. 558. In this case, the officer's return states that service was executed at the defendant's usual place of abode at 46 Mayer Place, Riverside, Connecticut 06878 on May 16, 2001. (Marshal Pottgen's return of service, dated May 16, 2001) Thus, the plaintiff has prima facie evidence of proper service.
Although the defendant alleges that the abode service was invalid and that it was not received, the defendant does not provide any evidence or affidavits in support of these allegations. The defendant also asserts CT Page 14822 that the relevant documents are not in the court file, however, a review of the court file reveals that the documents are indeed in the file. The defendant does not contest residing at 46 Meyer Place, Riverside, Connecticut, the defendant only argues that service of process was not received. A denial of service by the defendant which is not corroborated by any other evidence, details or circumstances is insufficient to overcome the prima facie evidence of the officer's return. Uyen Phan v.Delgado, 41 Conn. Sup. 367, 372-3, 576 A.2d 603 (1990); see also,Gillanders v. Dow Corning Corp., Superior Court, judicial district of Waterbury, Docket No. 304876 (February 9, 1995, Vertefeuille, J.) (13 Conn. L. Rptr. 442);Risco v. Santiago, Superior Court, judicial district of Hartford, Docket No. 99377 (November 23, 1998, Tanzer, J.); GMACMortgage Corp. v. Barclay, Superior Court, judicial district of Hartford, Docket No. 5937115 (June 15, 2000, Stengel, J.). The defendant's motion and corresponding memorandum lack corroboration and thus the defendant has not met the requisite burden. Accordingly, the court must accord the officer's return the presumption of validity.
For the foregoing reasons, the defendant's motion to dismiss is denied.
So Ordered.
D'ANDREA, J.T.R.