[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16863
Before the court are the defendants' three motions for summary judgment (#120, #127, and #130). For the following reasons, the court dismisses this action for lack of subject matter jurisdiction. The instant motions for summary judgment are, therefore, rendered moot.
 I. BACKGROUND
The plaintiffs, Donna Hodge and Curtis Hodge,[1] filed the present action against the defendants, the town of Old Saybrook, Sal Pascarella[2]
and Ronald Zeppieri[3] on April 19, 1999. The plaintiffs filed an amended complaint which cited Brian Macek[4] as a defendant on January 5, 2000 (#115). On November 8, 1999, Community Action for Greater Middlesex County, Inc. (Community Action or the intervening plaintiff), Donna Hodge's employer, filed its intervening complaint (#113). On January 22, 2001, the defendants filed their answer, special defenses and counterclaim (#119).
The underlying accident is alleged to have occurred when the plaintiff, Donna Hodge, exited a car driven by her husband, Curtis Hodge, at the Old Saybrook Middle School and tripped on a raised lip in the concrete sidewalk and fell. The plaintiff, Curtis Hodge, alleges the loss of his wife's consortium.
 II. STANDARD OF REVIEW
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33. "[W]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon itsown motion . . ." (Citations omitted; emphasis in original.) Park CityHospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." (Citations omitted.) Mannweiler v. LaFlamme, 232 Conn. 27, 35, 653 A.2d 168 (1995). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v.Meyer, 218 Conn. 531, 545, 590 A.2d 914 (1991). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings. . . ." (Citations omitted; internal quotation marks omitted.). In re Judicial Inquiry No. 85-01, 221 Conn. 625,629, 605 A.2d 545 (1992). CT Page 16864
 III. DISCUSSION
In this case, count one is brought against the town, claiming relief under General Statutes § 13a-149.[5] Counts two, five, six and eight allege common law negligence against Pascarella and Zeppieri, both personally and as employees; count ten alleges negligence against Macek personally. Count three, brought by Mr. Hodge, alleges loss of consortium. Count four alleges nuisance against the town. Finally, counts seven and nine are indemnity claims against the town for the alleged negligent actions of its employees, Pascarella and Zeppieri.
"[I]n a case where a government is the defendant, courts do not have subject matter jurisdiction unless such jurisdiction is statutorily conferred. The legislature, however, has carved out certain statutory exceptions to the general rule of sovereign immunity and allowed governmental entities to be sued under certain circumstances. . . . The highway defect statute, § 13a-149 . . . is one of those exceptions." (Citations omitted.) Novicki v. City of New Haven, 47 Conn. App. 734,738-39, 709 A.2d 2 (1998).
"Where a court's jurisdiction arises solely from a statutory waiver of sovereign immunity, the statutory provisions must be strictly construed. . . . Accordingly, where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case. . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . ." (Citations omitted; internal quotation marks omitted.) Id., 739.
"The statutory provisions of § 13a-149 have two components that must be met to trigger its application: (1) the plaintiff must have sustained an injury by means of a defective `road or bridge' and (2) the party whom the plaintiff is suing must be the `party bound to keep [the location where the injury was sustained] in repair.'" Id., 739-740. The court will discuss each component in turn.
As to the first component, there is no dispute between the parties as to the location of the plaintiff's fall or that the sidewalk and adjacent driveway were open for the public use and were actually used by the public. This area is clearly covered by § 13a-149, which encompasses injuries caused by defective public sidewalks.[6] Id., 740; Martin v.Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997). The sidewalk in question is outside of a public school facility. "The outside steps and walks of a public facility . . . are a way over which the public has a right to pass and it is reasonably anticipated that the public would make CT Page 16865 use of them to travel to the public facility." Dunleavy v. Town ofGroton, Superior Court, judicial district of New London, Docket No. 545592 (December 15, 1998, Mihalakos, J.).
The question of whether the facts alleged, if true, would give rise to a highway defect claim under § 13a-149 is a question of law. There is no dispute over the location of the plaintiff's fall. Therefore, the court finds that the facts alleged do give rise to a highway defect claim.
Next, the court turns to the second prerequisite, that the party sued must be the party bound to keep the walkway in repair. The defendants submitted the affidavit of Ronald Zeppieri, the business manager of the board of education, with their motion for summary judgment, dated August 2, 2001 (#130), in which he avers that "the Old Saybrook Board of Education is the entity charged with the duty and responsibility for the maintenance, repair and inspection of the public sidewalks at the Old Saybrook Middle School, and in particular, is responsible for the sidewalk on which Donna Hodge alleges she tripped" and that "the methods and means of inspection, maintenance and or repair of the exterior sidewalks at the Old Saybrook Middle School are left to the judgment and discretion of various employees of the Old Saybrook Board of Education." (Exhibit A, paragraphs 9-10.) Finally, he avers that "the Town of Old Saybrook is not charged with the duty or responsibility to maintain or repair the public sidewalks . . ." (Exhibit A, paragraph 11.) This uncontradicted affidavit establishes that the Old Saybrook board of education was the party bound to repair the sidewalk where the plaintiff fell. This finding is also bolstered by General Statutes § 10-220
(a), which provides that "[e]ach local or regional board of education . . . shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes. . . ."
Once an affidavit establishes that the board of education is the party bound to keep the area in question in repair, "it [is] incumbent on the plaintiff to dispute the facts contained within [the affidavit]." (Internal quotation marks omitted.) Novicki v. City of New Haven, supra,47 Conn. App. 742, quoting Amore v. Frankel, 228 Conn. 358, 368,636 A.2d 786 (1994). "If the plaintiff fails to do so, the action should be dismissed for lack of subject matter jurisdiction." Id. In this case, the plaintiffs and the intervening plaintiff have not provided the court with any information to counteract the defendants' affidavit. In fact, the plaintiffs have not filed any objection to the motions for summary judgment and did not appear in court to argue those motions. It is therefore undisputed that the board of education is the party bound to keep the area in question in repair. CT Page 16866
Instead of presenting evidence in opposition to the defendants' factual presentation, the intervening plaintiff, relying on General Statutes §§ 10-220, quoted above, and 10-240[7], contends that since the board of education is an agent of the Town, the Town may be found to be liable as its principal. (See intervening plaintiffs memorandum of law, #135, pp. 3-5.)
The court is unpersuaded by this argument. In Novicki v. City of NewHaven,supra, 47 Conn. App. 741-742, the court cited § 10-220 (a) in the course of reaching the conclusion that § 13a-149 imposes liability only on the party whose duty it was to keep the area in question in repair. More recently, in Ferreira v. Pringle, 255 Conn. 330,341, 766 A.2d 330 (2001), our Supreme Court reiterated that "[a] town is not liable for highway defects unless made so by statute." (Internal quotation marks omitted.) It noted also that "in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiffs exclusive remedy." Id. Similarly, inCoughlin v. Waterbury, 61 Conn. App. 310, 312, 314-315, 763 A.2d 1058
(2001), the court cited § 10-220 (a) and then reiterated its adherence to the rationale previously stated in Novicki.
In addition, as noted, this aspect of § 13a-149 is to be strictly construed. "The highway defect statute is one legislative exception to [sovereign] immunity . . . and statutes in derogation of sovereign immunity must be strictly construed. . . . Section 13a-149 is a very narrow exception to municipal immunity from suit, and the statutory requirements necessarily limit a plaintiffs ability to recover when he or she is injured on a public highway." (Internal quotation marks and citations omitted.) Prato v. City of New Haven, 246 Conn. 638, 647,717 A.2d 1216 (1998). See also Brennan v. Town of Fairfield, 255 Conn. 693,704, 768 A.2d 433 (2001).
In view of these precedents, the intervening plaintiff's agency argument is not supported. Our appellate courts were well aware of the principles of agency law and of the contents of §§ 10-220 and 10-240
when these decisions were rendered. Under the circumstances, neither agency law nor these statutes mandates a finding of responsibility by the Town for a breach of the board of education's duty under § 13a-149.
The plaintiff's purport to bring separate negligence claims against Pascarella, Zeppieri and Macek individually in counts two, five and ten in addition to the claims brought against Pascarella and Zeppieri in their capacity as municipal employees in counts six and eight. Nevertheless, as to Pascarella and Zeppieri, the negligence allegations against them individually in counts two and five are the same as the negligence allegations against them as employees in counts six and CT Page 16867 eight. Further, the plaintiffs, in each of counts two, five and ten allege that these defendants, at the time of the injury, were "acting as the agent, servant and or assigns and with the permission of the Old Saybrook Board of Education." This quoted language is also repeated in the counts against these persons in their official capacities.
The plaintiffs provide no allegation in the complaint, nor any argument in the context of this motion that would give rise to a genuine issue that these persons were "named individuals in their individual capacities except as a basis for imposing liability on the municipality." Sanzonev. Board of Police Commissioners, 219 Conn. 179, 194, 592 A.2d 912
(1991). This court concludes that "the claims asserted against the defendants in their individual capacities serve as a veiled attempt to impose liability on the municipality." Ferreira v. Pringle, supra,255 Conn. 343-344. Therefore, this action is also dismissed as against the individual defendants.
 IV. CONCLUSION
Accordingly, since the plaintiffs have failed to produce evidence that Donna Hodge was injured in an area that the town of Old Saybrook was bound to repair, this action is dismissed in its entirety. It is so ordered.
BY THE COURT
Robert B. Shapiro Judge of the Superior Court