STATE OF CONNECTICUT *v.*
LAWRENCE J. MANWARE
(AC 28290)

McLachlan, Robinson and Stoughton, Js.

Argued October 30, 2008—officially released February 3, 2009

*Rita M. Shair*, senior assistant state's attorney, with whom were *Michael Dearington*, state's attorney, and, on the brief, *Judith R. Dicine*, supervisory assistant state's attorney, for the appellant (state).

*Lawrence J. Manware*, pro se, the appellee (defendant).

*Opinion*

STOUGHTON, J. The state, with permission[1] of the trial court, appeals from the judgment dismissing the information filed against the defendant, Lawrence J. Manware. The dispositive issue in this appeal is whether the court improperly granted the defendant's motion to dismiss without holding an evidentiary hearing to resolve disputed issues of fact. We reverse the judgment of the trial court and remand the case for further proceedings.

The record and court file reveal the following background. On April 5, 2005, the state filed an information charging the defendant with criminal lockout in violation of General Statutes § 53a-214.[2] After a number of continuances, on September 29, 2005, the defendant filed a motion to dismiss the information accompanied by a memorandum of law in which he asserted that the premises in question had been abandoned by his former tenants. The state filed an objection to the motion on July 11, 2006, with a memorandum of law in which it alleged that one of the tenants had not abandoned the

---

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the Superior Court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the Supreme Court or to the Appellate Court, in the same manner and to the same effect as if made by the accused."

[2] General Statutes § 53a-214 (a) provides in relevant part: "A landlord of a dwelling unit . . . an owner of such a unit, or the agent of such landlord or owner is guilty of criminal lockout when, without benefit of a court order, he deprives a tenant . . . of access to his dwelling unit or his personal possessions."

premises and that in any event, the defendant had violated provisions of General Statutes § 47a-11b, concerning abandonment, and § 53a-214.

On October 31, 2006, the court heard arguments and announced its decision orally, granting the motion to dismiss.[3] Although the court agreed that the state could charge the defendant with a violation of § 53a-214, the court expressed some concern over whether this matter should have been treated as a civil matter, noting that the state relied on a civil statute, § 47a-11b, to define a criminal statute, namely, § 53a-214. The court then indicated that judicial relief was available to the complainant by way of a civil action under General Statutes § 47a-18a.

The state filed a motion to reargue the decision of the court on November 20, 2006, which the court denied. The state then filed a motion for articulation, and the court, after initially denying the motion, responded that it had granted the motion to dismiss on the basis of the defendant's argument that the complainant[4] had abandoned the premises.[5]

---

[3] On the same date, and apparently during the arguments, the prosecutor handed to the court a substitute information charging, in the first count, criminal trespass in the second degree in violation of General Statutes § 53a-108 and, in the second count, criminal lockout in violation of General Statues § 53a-214. The motion on which the court acted, however, addressed only the original information charging criminal lockout, as the judgment file clearly shows.

[4] The tenant, who claimed that he did not abandon the premises in question, filed a complaint with the police, which gave rise to the charge of criminal lockout against the defendant.

[5] In an articulation of the factual basis for the ruling, the court stated that it had found a number of unique circumstances in this case. It detailed a number of those circumstances and concluded that the facts that the defendant lived upstairs from his former tenants, knew that the complainant was not residing in the apartment and could see a pile of mail building up, that the other tenant had stopped paying rent and had vacated the premises, and that the full terms of the rental agreement had not been met since December, 2004, could give rise to a reasonable belief that the premises had been abandoned.

The state claims on appeal first that the court improperly rejected its reliance on § 47a-11b and ruled that a civil action for lockout pursuant to § 47a-18a was the appropriate remedy. Second, the state claims that the court improperly granted the motion to dismiss without holding a hearing to resolve disputed factual issues. As the articulation filed by the court makes clear, the court did not grant the motion to dismiss out of any concern over whether a civil remedy might have been available. The information was dismissed on the ground that the premises had been abandoned. See footnote 3.

The facts cited by the court were not admitted as undisputed facts. Though they find support in the defendant's memorandum of law, the state's memorandum of law shows that at least some of the facts were disputed. Whether the complainant intended to return to the premises was a disputed fact as was the fact that rent had not been paid. In addition, the defendant, who appeared pro se to argue this appeal, conceded at oral argument that there were facts in dispute. "When issues of fact are disputed, due process requires that an evidentiary hearing be held . . . . [A] court cannot make a critical factual finding based on memoranda and documents submitted by the parties." (Citation omitted.) *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 315, 763 A.2d 1058 (2001). We agree with the state that because the facts relied on to show abandonment were in dispute, an evidentiary hearing is required that they might be resolved. See id., 315–16. Because our conclusion that an evidentiary hearing is required is dispositive of this appeal, we decline to reach the merits of the state's remaining claim.

The judgment is reversed and the case remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.