## FALLS MILL OF VERNON CONDOMINIUM ASSOCIATION, INC. *v.* JOHN R. SUDSBURY ET AL.
### (AC 32032)

Gruendel, Beach and Pellegrino, Js.

---

Argued March 8—officially released April 26, 2011

*David F. Borrino*, for the appellant (defendant Beneficial Mortgage Co. of Connecticut).

*Franklin G. Pilicy*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant mortgage lender, Beneficial Mortgage Co. of Connecticut, appeals from the judgment of the trial court denying its motion to open a

judgment of strict foreclosure.[1] The defendant contends that the court improperly concluded that it lacked authority to open that judgment.[2] We disagree and, accordingly, affirm the judgment of the trial court.

In its memorandum of decision, the court found the following undisputed facts. The plaintiff, Falls Mill of Vernon Condominium Association, Inc., commenced this action on December 7, 2007, to foreclose its statutory lien on property over which the defendant also held a mortgage. The writ of summons named the defendant as "Beneficial Mortgage Co. of Connecticut,

[1] John R. Sudsbury, Carla S. Sudsbury, Rae Barter, and Falls Mill of Vernon Condominium Association, Inc., were also defendants in this foreclosure action, but they are not parties to this appeal. In this opinion, we refer to Beneficial Mortgage Co. of Connecticut as the defendant.

We further note that the defendant filed this appeal in its name. In its appellate brief, however, the defendant refers to itself as Mortgage Electronic Registrations Systems, Inc. It has provided no explanation for this change of name, and the record indicates that the defendant has not sought permission to substitute Mortgage Electronic Registrations Systems, Inc., as a party to this appeal. We therefore disregard the defendant's references to that entity in this opinion.

[2] The defendant raises two additional claims pertaining to the substance of the judgment of strict foreclosure, alleging that the court improperly rendered that judgment without first entering a judgment of default against the defendant and that it abused its discretion by rendering a judgment of strict foreclosure rather than a foreclosure by sale. Those claims are not properly before us. "[I]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 293, 966 A.2d 318 (2009). Because the defendant filed its motion to open more than one year after the appeal period passed with respect to the judgment of strict foreclosure, review of the aforementioned claims is precluded.

c/o CT Corporation System, Its Agent for Service, One Corporate Center, Floor 11, Hartford, CT 06103-3220." The defendant previously had appointed CT Corporation System (agent) as its registered agent in Connecticut pursuant to General Statutes § 33-922.[3] See also General Statutes § 33-926. On December 7, 2007, service of process was made on the agent on behalf of the defendant, consistent with the mandate of General Statutes § 52-57 (c).[4] Months later, the defendant was defaulted for failure to appear, and the plaintiff subsequently filed a motion for judgment of strict foreclosure. On July 21, 2008, the court rendered a judgment of strict foreclosure. Notice thereof was sent to the defendant's registered agent at that time. The law days thereafter passed and title vested in the plaintiff on September 25, 2008. A certificate of foreclosure dated September 28, 2008, which stated that title had vested in the plaintiff, was recorded on the Vernon land records on October 3, 2008.

More than one year later on October 26, 2009, the defendant filed a motion to open the judgment of strict foreclosure. In its accompanying memorandum of law, the defendant alleged that it did not receive proper notice of the plaintiff's motion for default, the court's ruling thereon or the judgment of strict foreclosure,

---

[3] General Statutes § 33-922 (a) provides in relevant part: "A foreign corporation may apply for a certificate of authority to transact business in this state by delivering an application to the Secretary of the State for filing. The application shall set forth: (1) The name of the foreign corporation or, if its name is unavailable for use in this state, a corporate name that satisfies the requirements of section 33-925; (2) the name of the state or country under whose law it is incorporated; (3) its date of incorporation and period of duration; (4) the street address of its principal office; (5) the address of its registered office in this state and the name of its registered agent at that office . . . ."

[4] General Statutes § 52-57 (c) provides in relevant part: "In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made . . . upon the agent of the corporation appointed pursuant to section 33-922."

rendering the judgment of the court void ab initio. After initially denying the motion and then granting reargument thereon, the court in its February 18, 2010 memorandum of decision determined that it lacked authority to open the judgment of strict foreclosure.[5] From that judgment, the defendant appeals.

The issue in this appeal is whether the court properly determined that it lacked authority to open the judgment of strict foreclosure. That issue presents a question of law over which our review is plenary. See *Ins. Co. of Pennsylvania* v. *Waterfield*, 102 Conn. App. 277, 281–82, 925 A.2d 451 (2007).

As a preliminary matter, we note that at no point in the course of this litigation has the defendant maintained that it was not provided actual notice of the plaintiff's motion for default, the court's ruling thereon or the judgment of strict foreclosure rendered on July 21, 2008. In both its memorandum of law in support of its motion to open and its appellate brief, the defendant acknowledges that notice thereof was sent to its registered agent designated pursuant to § 33-922. The defendant further acknowledges that its May, 2007 filing with the secretary of the state, which it has appended to its appellate brief, lists a corporate address in Illinois and a "[p]rincipal [o]ffice [a]ddress in CT only" for its agent. The gist of the defendant's claim is that although its agent received the requisite notice, the defendant did not receive notice at its address in Illinois. The trial court did not resolve that issue, concluding that whether the plaintiff or the court failed to provide notice to the defendant at its Illinois address was irrelevant

---

[5] Although the precise terminology utilized by the court referenced its jurisdiction to open the judgment of strict foreclosure, it more appropriately is termed a matter of substantive authority. See *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999) (holding that General Statutes § 52-212a "operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it").

to the jurisdictional question before it. On the facts of this case, we agree.

Resolution of this appeal involves the intersection of General Statutes § 49-15 (a) and Practice Book § 63-1 (b). Connecticut courts generally cannot open a civil judgment "unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." General Statutes § 52-212a. That general rule does not apply to judgments of strict foreclosure. Rather, the legislature has seen fit to distinguish motions to open such judgments by crafting a specific protocol therefor. Section § 49-15 (a) (1) provides in relevant part that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, *provided no such judgment shall be opened after the title has become absolute in any encumbrancer . . . .*"[6] (Emphasis added.) In interpreting that statute, our Supreme Court has explained

---

[6] We note that § 49-15 (a) (2) contains a very limited exception to the rule set forth in § 49-15 (a) (1). It provides that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may be opened after title has become absolute in any encumbrancer upon agreement of each party to the foreclosure action who filed an appearance in the action and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, provided (A) such judgment may not be opened more than four months after the date such judgment was entered or more than thirty days after title became absolute in any encumbrancer, whichever is later, and (B) the rights and interests of each party, regardless of whether the party filed an appearance in the action, and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, are restored to the status that existed on the date the judgment was entered." General Statutes § 49-15 (a) (2). That limited exception patently is inapplicable to the present case, as the plaintiff has not agreed to the opening of the judgment of strict foreclosure, and the defendant's motion was filed well beyond the limitation set forth in § 49-15 (a) (2) (A).

that "the legislature's purpose in barring courts from opening a judgment, after the mortgagor's failure to redeem, was not to limit the mortgagee from further pursuit of its newly vested property rights but rather to prohibit the mortgagor from subsequent challenges to the enforceability of the mortgagee's property rights." *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 260, 708 A.2d 1378 (1998). In the present case, it is undisputed that title to the property in question became absolute in the plaintiff on September 25, 2008, more than one year before the defendant filed its motion to open. Thus, § 49-15 (a) plainly indicates that the defendant could not prevail on that motion.

In response, the defendant submits that, because the court did not provide notice of the judgment of strict foreclosure to it at its Illinois address, the applicable period to appeal has not run, resulting in an automatic stay of execution pursuant to Practice Book § 61-11 (a).[7] The defendant is mistaken. Practice Book § 63-1 (b) specifies when an appeal period begins. It provides in relevant part: "If notice of the judgment or decision is given in open court, the appeal period shall begin on that day. If notice is given only by mail, the appeal period shall begin on the day that notice was mailed to counsel and pro se parties of record by the trial court clerk. The failure to give notice of judgment to a nonappearing party shall not affect the running of the appeal period." Practice Book § 63-1 (b). That last sentence is implicated here. Assuming arguendo that the court's notice to the defendant's agent somehow was deficient, it has little bearing on the issue before us. Because the defendant was a nonappearing party, under Practice Book § 63-1 (b) any failure to provide proper

---

[7] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. . . ."

notice of the judgment of strict foreclosure did not affect the running of the appeal period.

Moreover, the evolution of that rule of practice evinces an intent to preclude a nonappearing defendant in a foreclosure action from advancing the argument articulated by the defendant in this appeal. As the court discussed in detail in its memorandum of decision: "The last sentence of [Practice Book § 63-1 (b)] . . . was added to the Practice Book, effective January 1, 2000. This revision to [Practice Book] § 63-1 (b) served to clarify an ambiguity in the section that had led some clerks to take the position that the failure of a plaintiff or the clerk to send notice of judgment after default for failure to appear to a nonappearing defendant in a foreclosure action rendered the judgment ineffective.

"In a memorandum, dated March 29, 1999, written by Hon. David M. Borden, former Justice of [our] Supreme Court, to Hon. Ellen A. Peters, former Senior Justice of [our] Supreme Court and Hon. Edward Y. O'Connell, former Chief Judge of [our] Appellate Court, Justice Borden set forth the rationale behind the proposed revision and stated that the Rules Committee recommended that the revision to [Practice Book] § 63-1 (b) be adopted.

"Justice Borden wrote that an issue had arisen among some court clerks 'concerning the application of Practice Book [§] 17-22 to foreclosure actions. Some court clerks [took] the position that the failure of a plaintiff to send notice of a judgment of default for failure to appear to a nonappearing defendant in a foreclosure action renders the judgment ineffective as to that defendant. Consequently, these clerks refuse[d] to give recognition to the judgment against these nonappearing parties for all purposes for which a valid judgment is a prerequisite, such as applications for executions of

ejectment and the filing of motions to open judgment to extend the law day or sale date.' . . .

"Taking into account [Practice Book] § 63-1 (b), which provides that if notice of judgment is given by mail, the appeal period commences on the date notice was mailed by the trial court clerk, Justice Borden stated that the 'Rules Committee [interpreted] this to mean that the notice referred to in [Practice Book] [§] 63-1 does not include the notice under [Practice Book] [§] 17-22. Therefore, the failure of the plaintiff in a foreclosure action to give a defaulted defendant the [Practice Book] [§] 17-22 notice has no bearing on the triggering of the twenty day appeal period or on the effectuation of the judgment.' Justice Borden noted that despite this reasoning, 'some clerks [did] not believe the issue [had] been resolved, because in order for the appeal period to be triggered under [Practice Book] [§] 63-1 in [Practice Book] [§] 17-22 cases, the clerk must send notice of judgment . . . to the defaulted parties. However, there is no trial court rule that requires the court clerk to do so.' . . . [Practice Book §] 17-22 only requires the prevailing party to mail notice of judgment after default for failure to appear to the party against whom judgment is directed and there is no trial court rule that requires the court clerk to send such notice. Practice Book § 7-5 only provides that the court clerk 'give notice to the attorneys of record and pro se parties . . . of all judgments, nonsuits, defaults, decisions, orders and rulings unless made in their presence.' . . .

"Justice Borden wrote that the Rules Committee believed that the adoption of the revision to Practice Book § 63-1 (b) would 'resolve the problem by providing that when judgment has been rendered against a nonappearing defendant, the lack of notice of judgment to such defendant will not affect the running of the appeal period in the case.' " (Citations omitted.) We agree with the court that this background further demonstrates

that the plain language of Practice Book § 63-1 (b) means what it says—the failure to give notice of judgment to a nonappearing party does not affect the running of the appeal period.

In the present case, title to the property in question became absolute in the plaintiff more than one year before the defendant filed its motion to open. Accordingly, § 49-15 (a) precluded the court from granting the defendant's motion to open the judgment of strict foreclosure.

The judgment is affirmed.

In this opinion the other judges concurred.