THOMPSON GARDENS WEST CONDOMINIUM
ASSOCIATION, INC. *v.* DANIEL
MASTO ET AL.
(AC 33771)

DiPentima, C. J., and Bear and Borden, Js.

Argued October 18, 2012—officially released January 22, 2013

*Nicholas F. Bombace*, with whom, on the brief, was *Jonathan A. Kaplan*, for the appellant (substitute defendant Deutsche Bank National Trust Company, as indenture trustee).

*Scott J. Sandler*, with whom was *Kasey Procko Burchman*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendant Deutsche Bank National Trust Company (Deutsche) appeals from the judgment of the trial court denying Deutsche's motion to open and vacate the judgment of strict foreclosure rendered in favor of the plaintiff, Thompson Gardens West Condominium Association, Inc. (association), on an East Haven condominium unit then owned by the named defendant, Daniel Masto.[1] The controlling issue in this case is whether the trial court, pursuant to General Statutes § 49-15, properly concluded that, because service properly had been effectuated on New Century Mortgage Corporation (New Century), the mortgagee listed on the land records, in accordance with the statutory requirements, it did not have jurisdiction to grant Deutsche's motion to open the judgment of strict foreclosure, filed nearly eight months after judgment had been rendered in this strict foreclosure action and

---

[1] Masto is not a party to this appeal and did not appear in the trial court. Approximately five months after the judgment of strict foreclosure had been rendered, Deutsche was substituted as the party in interest in place of the defendant New Century Mortgage Corporation.

nearly six months after title had vested in the association.[2] We agree with the court that it was without jurisdiction to grant the motion, but conclude that because there was no practical relief available to Deutsche, the court should have dismissed the motion to open instead of denying it.

The record reveals the following relevant facts. The association brought an action to foreclose a lien on Masto's condominium unit, bearing a return date of April 27, 2010. The association also named in its complaint New Century, the record mortgage holder listed on the land records. New Century was served by a state marshal, via certified mail, in accordance with General Statutes § 33-929, and the state marshal received a signed return receipt dated April 9, 2010.[3] In addition to the signed return receipt, the association also received a facsimile from someone purportedly acting on behalf of the "New Century Liquidating Trust" (trust), asserting that service of process was "ineffective" because New Century had filed for bankruptcy protection[4] and had transferred or sold all of its loan accounts (facsimile).[5] Neither Masto nor New Century appeared

[2] Deutsche has failed to provide this court with a signed transcript of the court's oral decision on its motion to open the judgment of strict foreclosure. See Practice Book § 64-1 (a). Although this failure normally would result in an inadequate record for our review; see *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 405 n.10, 973 A.2d 1229 (2009), and Practice Book § 64-1 (a); a record may be adequate for our review when an unsigned transcript contains a sufficiently detailed basis for the trial court's decision. See *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 162 n.21, 2 A.3d 873 (2010). Deutsche has provided us with a certified transcript of the hearing before the trial court, which includes the court's detailed oral decision. Accordingly, we conclude that the record is adequate for our review.

[3] There is no dispute that Masto was served properly.

[4] The record reveals that counsel for the association already knew that New Century had filed for bankruptcy protection and that he previously had received notice that the automatic bankruptcy stay had been lifted in 2008.

[5] The association did not notify the trial court before the court rendered the judgment of strict foreclosure that it had received this facsimile asserting that service of process on New Century was ineffective.

before the trial court, and they were defaulted on May 11, 2010.[6] On June 15, 2010, the court rendered a judgment of strict foreclosure,[7] and, on August 12, 2010, after Masto and New Century failed to redeem, title to the condominium unit vested in the association.

An appearance, dated October 6, 2010, was filed on behalf of New Century. On October 28, 2010, Deutsche, "as indenture trustee for New Century," filed a motion to be substituted as a party defendant in place of New Century on the ground that it was "the current holder of the [m]ortgage as shown by an assignment recorded in the East Haven [l]and [r]ecords on October 12, 2010 . . . ." A copy of the assignment was attached to the motion.[8] On November 30, 2010, the court granted

---

[6] The association certified to the court that it had mailed its motion for a judgment of strict foreclosure to Masto and New Century.

[7] The association sent notice of the judgment of strict foreclosure to Masto and New Century on June 22, 2010. On that date, the association also sent New Century a certified letter explaining that New Century could pay $3200.41 as a redemption payment prior to the running of its law day on August 11, 2010. This letter was returned as "unclaimed" and "unable to forward." Both the letter and the return receipt were submitted to the court on August 31, 2010.

[8] A close review of that assignment, a copy of which is in the court file, reveals that it was *signed and dated October 7, 2010.* The assignment provides in relevant part: "FOR VALUE RECEIVED, NEW CENTURY MORTGAGE CORPORATION . . . does [hereby] grant, sell, assign, transfer and convey, unto DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE [TRUSTEE], FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-3 . . . all its right, title and interest in and to a certain Mortgage dated MAY 20, 2005 made and executed by DANIEL MASTO . . . to and in favor of NEW CENTURY MORTGAGE CORPORATION . . . . IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on October    , 2010." The document was signed by "Tom Croft, SVP" on behalf of "New Century Mortgage Corporation, by Carrington Mortgage Services, LLC, as Attorney-in-Fact" on October 7, 2010, and was recorded on the East Haven land records on October 12, 2010. To the extent that Deutsche has asserted any due process claims based on events occurring prior to October 7, 2010, the date of the mortgage assignment to it, we cannot consider them given Deutsche's lack of standing to assert them. See *Windels* v. *Environmental Protection Commission,* 284 Conn. 268, 287, 933 A.2d 256 (2007) (if party lacks standing, court is without subject matter jurisdiction to determine case).

Deutsche's motion to be substituted as a party defendant in place of New Century. On February 2, 2011, Deutsche filed a motion to open and vacate the judgment of strict foreclosure on the ground that (1) the judgment was void because "the court lacked personal jurisdiction over [New Century], the party against whom judgment entered, as well as [Deutsche], who is the proper party in interest; and (2) principles of equity require that the court exercise subject matter jurisdiction . . . to avoid a windfall to the [association] . . . ." Following a hearing on the motion to open and vacate, the court concluded that, pursuant to § 49-15,[9] it did not have jurisdiction to open the judgment of strict foreclosure, and it denied the motion on that basis. The court explained to the association's counsel, however, that it was troubled by counsel's failure to disclose the assertions set forth in the facsimile. The court stated that the failure of Deutsche to record its assignment "certainly created a mess for . . . all of us who are trying to keep our land records straight. This is a battle between, it seems to me, the equitable interests of the way the judgment played out and the irresponsibility I think of Deutsche Bank in deciding not

[9] General Statutes § 49-15 (a) provides: "(1) Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection.

"(2) Any judgment foreclosing the title to real estate by strict foreclosure may be opened after title has become absolute in any encumbrancer upon agreement of each party to the foreclosure action who filed an appearance in the action and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, provided (A) such judgment may not be opened more than four months after the date such judgment was entered or more than thirty days after title became absolute in any encumbrancer, whichever is later, and (B) the rights and interests of each party, regardless of whether the party filed an appearance in the action, and any person who acquired an interest in the real estate after title became

to record. That's the . . . difficulty. I have no idea what would have motivated them not to record. On the other hand, I'm very troubled by the fact that the [association's] counsel is notified by a bankruptcy trustee . . . and the trustee indicates to you that New Century . . . doesn't own this anymore, [but does not] help yet at all by saying who does . . . ." Although the court was troubled by counsel's nondisclosure of the assertions set forth in the facsimile, it, nevertheless, determined that it was without jurisdiction to open the judgment. This appeal followed.

"[A] judgment of strict foreclosure ordinarily cannot be opened after the law day has passed, [unless] the judgment [is] attacked on the ground that the court lacked jurisdiction over the party challenging it. . . . Once title has vested, no practical relief is available [p]rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . ." (Citation omitted; internal quotation marks omitted.) *Highgate Condominium Assn., Inc.* v. *Miller*, 129 Conn. App. 429, 434–35, 21 A.3d 853 (2011). "It is axiomatic that a court cannot render a judgment without first obtaining personal jurisdiction over the parties. No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment . . . may always be challenged. . . . [A] defect in process . . . implicates personal jurisdiction . . . ." (Citation omitted; internal quotation marks omitted.) *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 576, 953 A.2d 868 (2008). "A natural corollary of this principle is that a judgment of strict foreclosure may be opened only upon a finding that the court lacked jurisdiction over either the person or the case at the time the judgment of strict foreclosure was entered.

absolute in any encumbrancer, are restored to the status that existed on the date the judgment was entered."

Anything less would appear to be in direct contravention of the strictures of § 49-15 (a) and our subsequent case law." *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 435. A challenge to the personal jurisdiction of the trial court is a question of law, requiring that we employ a plenary standard of review. See *Ryan* v. *Cerullo*, 282 Conn. 109, 118, 918 A.2d 867 (2007).

The controlling issue in this case is whether the court properly determined that, because service of process properly was effectuated in accordance with our statutory requirements, it did not have jurisdiction to open the judgment of strict foreclosure, which had been rendered approximately eight months before Deutsche filed its motion to open and vacate and six months after title had become absolute in the association. We conclude that the court properly determined that it was without jurisdiction to open the judgment, but that its form of judgment was improper, the court having denied, rather than dismissed, the motion to open. See *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 569–70 (after title had vested absolutely in plaintiff, court should have dismissed, rather than denied, late motion to open);[10] see also D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 9.01, p. 197 ("the limitation period of § 49-15 is definitely jurisdictional"); but see *Falls Mill of Vernon Condominium Assn., Inc.* v. *Sudsbury*, 128 Conn. App. 314, 318 n.5, 15 A.3d 1210 (2011) (explaining that motion to open judgment of

---

[10] In *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 569, the defendant, who had been incarcerated at the time a foreclosure action had been commenced, moved to open the judgment after title had vested in the plaintiff on the ground that the court did not have personal jurisdiction because service had been made to her residence rather than to the prison. The trial court determined that abode service at the residence, rather than the prison, comported with statutory requirements. Id. Although agreeing with the trial court's determination, our Supreme Court concluded that the trial court should have dismissed, rather than denied, the motion to open as moot. Id., 569–70.

strict foreclosure, filed one year after judgment rendered, involves trial court's authority, rather than jurisdiction, but not citing *Argent*). In *Argent*, our Supreme Court determined that because the trial court possessed proper personal jurisdiction over the defendant at the time the judgment of strict foreclosure was rendered, the proper form of judgment in response to the defendant's late motion to open that judgment was to dismiss the motion as moot because there was no practical relief available to that defendant, absolute title in the property already having vested in the plaintiff. *Argent Mortgage Co., LLC* v. *Huertas*, supra, 581–82; see also *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 129 Conn. App. 435 n.8.

Although Deutsche primarily contends that the court did not obtain personal jurisdiction over it or New Century and that the judgment of strict foreclosure was void, a close review of the record does not support this contention. As stated previously in this opinion, the association, in accordance with § 33-929, properly served New Century, the entity recorded on the East Haven land records as the mortgage holder of the condominium unit. "It has always been the policy of our law that the land records should be the authentic oracle of title on which [anyone] might safely rely." *Safford* v. *McNeil*, 102 Conn. 684, 687, 129 A. 721 (1925). " 'The whole system of [recordation] would become of no value if [one] could not rely upon the records as he finds them.' " *Wheeler* v. *Young*, 76 Conn. 44, 49, 55 A. 670 (1903).

In this case, it is not disputed that a state marshal properly sent notice by certified mail, return receipt requested, to New Century, the mortgagee listed on the land records. The receipt was returned to the state marshal, signed by someone at the New Century address. Deutsche attempts to assert that the facsimile purportedly sent to the association from the trust,

informing the association that New Century had sold all of its loans, somehow rendered ineffective service that comported with § 33-929. The fact remains, however, that the association served the party recorded on the land records in accordance with the statutory requirements. Furthermore, we also note that although Deutsche asserted both before us and before the trial court that New Century had assigned Masto's loan to Deutsche several years before this foreclosure action was commenced, but the assignment was not recorded in the land records prior to the judgment of strict foreclosure, our close review of the assignment document filed by Deutsche and contained in the court file reveals that it was not signed and dated by New Century until October 7, 2010, almost four months after the judgment.[11]

In the present case, service of process properly was effectuated on New Century, the mortgagee appearing in the land records, in compliance with the statutory requirements, and, accordingly, the court had personal jurisdiction over New Century. Therefore, at the time Deutsche filed its motion to open the judgment of strict foreclosure, nearly six months after title had vested in the association, there was no practical relief that could have been afforded to Deutsche by the trial court without violating § 49-15. See *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 581–82. In light of that fact, the court properly determined that it was without jurisdiction to open the judgment. Accordingly, after determining that service of process was properly effec-

---

[11] We can find no explanation in the record for this postforeclosure written assignment. Apparently without noticing the actual date on the assignment, counsel for the association represented to the trial court that he had no reason to dispute, and that he would not dispute, that Deutsche had been assigned the mortgage prior to the institution of the strict foreclosure action. In any event, whether a preforeclosure assignment had occurred or not occurred, Deutsche filed with the court and relied on the October 7, 2010 assignment.

tuated, instead of denying the motion to open, the trial court should have dismissed it. See id.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to dismiss Deutsche's motion to open the judgment of strict foreclosure.

In this opinion the other judges concurred.