******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY,
TRUSTEE *v.* DAVID A. MCKEITH ET AL.
(AC 36540)

Gruendel, Beach and West, Js.

*Argued January 12—officially released March 17, 2015*

(Appeal from Superior Court, judicial district of New
London, Devine, J. [foreclosure judgment]; Cosgrove,
J. [motion to open judgment].)

*Kenneth A. Leary*, with whom, on the brief, was
*Melissa J. McKeith*, self-represented, for the appellant
(defendant Melissa J. McKeith).

*Daniel J. Krisch*, with whom, on the brief, was *Brian
D. Rich*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant Melissa J. McKeith, also known as Melissa J. Hopkins,[1] appeals from the judgment of the trial court dismissing her motion to open a judgment of strict foreclosure. She claims that the court improperly concluded that it lacked jurisdiction to open that judgment. We affirm the judgment of the trial court.

The relevant facts are as follows. In February, 2010, the plaintiff, Deutsche Bank National Trust Company, as Trustee, for HIS Asset Securitization Corporation Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1, commenced a foreclosure action against the defendant and others regarding real property known as 29 Bonnie Circle in Groton (property). In her return of service, state Marshal Barbara Coffey indicated that she attempted to serve the defendant with a true and attested verified copy of the relevant pleadings "but was unable to locate said defendant in order to effectuate service." Coffey also notified the plaintiff's representatives that the property was vacant at that time. As a result, the plaintiff filed an application for an order of notice, in which it averred that "all reasonable efforts have been made to ascertain" the whereabouts of the defendant and that those efforts had "failed." Appended to that application was the sworn affidavit of Danielle R. Milward, a paralegal in the office of the plaintiff's counsel, which detailed various unsuccessful efforts to locate the defendant. On April 26, 2010, the court granted the plaintiff's application and ordered "that notice of the institution of this action be given to [the defendant] . . . by some proper officer causing a true and attested copy of this order of notice to be published in The Day, once a week for one successive week, commencing on or before May 13, 2010, and that return of such service be made to this court." The plaintiff fully complied with that order. The plaintiff then filed a motion for a finding that no further notice was required, which the court granted on July 27, 2010.

The plaintiff thereafter filed a motion for default due to the defendant's failure to appear, which was granted on July 26, 2012. The plaintiff then moved for a judgment of strict foreclosure, which the court rendered on July 30, 2012. Days later, the plaintiff sent the defendant a "notice of entry of judgment of strict foreclosure," via certified mail addressed to the property, accompanied by a letter encouraging her to "either consult an attorney to appear on your behalf or enter your own appearance in this action. . . . [Y]ou will risk the loss of any potential equity in the above property if you fail to take steps to protect your equity." On September 14, 2012, the United States Postal Service returned that certified mailing to the plaintiff with the notation, "Return to Sender Unclaimed Unable to Forward," affixed thereon.

Title to the property vested in the plaintiff on September 21, 2012. More than one year later, the defendant filed a motion to open the judgment of strict foreclosure. In that September 26, 2013 motion, the defendant alleged that she "lived at the property the entire time [that service of process was attempted] and continues to do so to the present day. . . . However, the plaintiff falsely represented to the court that [she was] unreachable, falsely claiming by way of affidavit that [she] did not live at the property and [was] unreachable." (Citation omitted.) She thus claimed that because the court lacked personal jurisdiction over her, the judgment of strict foreclosure was "a nullity."[2] (Internal quotation marks omitted.) The defendant appended various mortgage documents to her motion to open, as well as an affidavit in support thereof. That affidavit, which identifies the defendant as the "Affiant," is unsigned, undated, and unsworn.

In its January 29, 2014 memorandum of decision, the court determined that "there is no evidence before the court to dispute the court's jurisdiction over [the defendant] at the time of entering the judgment of strict foreclosure." The court thus concluded that it lacked jurisdiction to open the judgment of strict foreclosure and dismissed the defendant's motion. From that judgment, the defendant now appeals.

The sole issue in this case is whether the court properly determined that it lacked jurisdiction to open the judgment of strict foreclosure. That issue presents a question of law, over which our review is plenary. See *Thompson Gardens West Condominium Assn., Inc.* v. *Masto*, 140 Conn. App. 271, 278, 59 A.3d 276 (2013). At the same time, the court's subordinate factual findings "are subject to the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Myrtle Mews Assn., Inc.* v. *Bordes*, 125 Conn. App. 12, 15, 6 A.3d 163 (2010).

As this court has noted, "Connecticut courts generally cannot open a civil judgment 'unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed.' General Statutes § 52-212a. That general rule does not apply to judgments of strict foreclosure. Rather, the legislature has seen fit to distinguish motions to open such judgments by crafting a specific protocol therefor. [General Statutes] § 49-15 (a) (1) provides in relevant part that '[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the

limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, *provided no such judgment shall be opened after the title has become absolute in any encumbrancer. . . .'*" (Emphasis in original.) *Falls Mill of Vernon Condominium Assn., Inc.* v. *Sudsbury*, 128 Conn. App. 314, 319, 15 A.3d 1210 (2011). "In interpreting that statute, our Supreme Court has explained that 'the legislature's purpose in barring courts from opening a judgment, after the mortgagor's failure to redeem, was not to limit the mortgagee from further pursuit of its newly vested property rights but rather to prohibit the mortgagor from subsequent challenges to the enforceability of the mortgagee's property rights.' *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 260, 708 A.2d 1378 (1998)." *Falls Mill of Vernon Condominium Assn., Inc.* v. *Sudsbury*, supra, 319–20.

It is undisputed that title to the property in question became absolute in the plaintiff more than one year before the defendant filed her motion to open, which precludes resort to § 49-15 (a). Accordingly, the judgment of foreclosure in the present case "may be opened only upon a finding that the court lacked jurisdiction over either the person or the case at the time the judgment of strict foreclosure was entered." *Highgate Condominium Assn., Inc.* v. *Miller*, 129 Conn. App. 429, 435, 21 A.3d 853 (2011); see also *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 576, 953 A.2d 868 (2008) (although "a judgment of strict foreclosure ordinarily cannot be opened after the law day has passed, the judgment can be attacked on the ground that the court lacked jurisdiction over the party challenging it").

The defendant claims that the court lacked personal jurisdiction over her at the time that the judgment of strict foreclosure was rendered. The record before us indicates otherwise. The return of service filed with the court on February 4, 2010, reveals that a state marshal attempted to serve the defendant with a true and attested verified copy of the relevant pleadings "but was unable to locate said defendant in order to effectuate service." Milward's affidavit states in relevant part that "the [s]tate [m]arshal contacted our office and stated that [the defendant] no longer reside[s] at the [property] and that the property address is vacant"; that on or about February 1, 2010, her "office conducted a search of Switchboard.com and 411.com and an [I]nternet database search service known as Accurint [that] did not yield an alternate address in which to effectuate service"; that the United States Postal Service indicated to her that it had " 'no change of address order on file' " for the defendant; and that she conducted "another search of Accurint" on April 14, 2010, in "a further effort to locate" the defendant, which "did not reveal an alternate address in which to effectuate service." The record contains the plaintiff's April 15, 2010 application for an order of notice, in which it averred that "all reasonable efforts have been made to ascertain" the

whereabouts of the defendant. Pursuant to General Statutes § 52-68, the court granted that application and ordered the plaintiff to provide "notice of the institution of this action" to the defendant through the publication of "a true and attested copy of this order of notice to be published in The Day, once a week for one successive week, commencing on or before May 13, 2010, and that return of such service be made to this court." The record also contains an affidavit of publication demonstrating compliance with that order.

Section 52-68 expressly authorizes the manner of service of process employed in the present case. Subsection (a) of § 52-68 provides in relevant part that the court "may, except where it is otherwise specially provided by law, make such order as is deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be brought to or pending in the Superior Court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, *or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding.*" (Emphasis added.) Subsection (b) of § 52-68 likewise provides that "[s]uch notice, having been given and proved by the affidavit of the officer who served the notice or by other competent evidence, shall be deemed sufficient service and notice, and the court may proceed to a hearing, unless otherwise provided by law, or may order further notice as it deems reasonable."

In its memorandum of decision, the court concluded that "there is no evidence before the court to dispute the court's jurisdiction over [the defendant] at the time of entering the judgment of strict foreclosure," emphasizing that the affidavit that the defendant appended to her motion to open was "neither signed nor sworn to." We concur with that assessment. Although the defendant relies heavily on that affidavit in this appeal, it remains that "an unsigned and unsworn affidavit . . . is of no evidentiary value." *Viola* v. *O'Dell*, 108 Conn. App. 760, 768, 950 A.2d 539 (2008).

Moreover, the court in its memorandum of decision expressly credited the "matters stated in the marshal's return and [Milward's affidavit]," as was its exclusive prerogative as arbiter of credibility.[3] The court's finding that the plaintiff complied with the April 26, 2010 order of notice, and thereby effectuated service of process pursuant to § 52-68, is substantiated by the record and, thus, is not clearly erroneous. The record contains no evidence on which we can conclude that the court improperly issued an order of notice pursuant to § 52-68.[4] Under the plain terms of that statute, compliance therewith "shall be deemed sufficient service and notice, and the court may proceed to a hearing . . . ." General Statutes § 52-68 (b). We therefore agree with

the court that the defendant has not established a lack of personal jurisdiction at the time that the judgment of strict foreclosure was rendered. For that reason, the court properly dismissed the motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the plaintiff's complaint also named David A. McKeith, Foundation Financial Group, and Lawrence and Memorial Hospital as defendants, only Melissa J. McKeith has appealed from the judgment of the trial court. We therefore refer to her as the defendant in this opinion.

[2] In her motion to open, the defendant also alleged lack of standing and unclean hands on the part of the plaintiff. She does not raise either of those claims in this appeal.

[3] "There is a presumption of truth afforded to the statements in the marshal's return." *Dickerson* v. *Pincus*, 154 Conn. App. 146, 152,      A.3d     (2014).

[4] As the three page transcript reflects, the trial court heard a very brief argument on the defendant's motion to open on October 15, 2013. No witnesses or documentary evidence were produced at that time. At oral argument before this court, the defendant's appellate counsel claimed that the trial court erred in failing to apprise the defendant, who at that time was self-represented, that her affidavit was unsworn or to invite her to testify under oath as a witness at the October 15, 2013 proceeding. The defendant's counsel then stated that, in so doing, the court "made a mistake" by "brushing the matter aside" and seizing "a technical opportunity to get the case over with."

We reject that contention for two reasons. First and foremost, "it is well settled that arguments cannot be raised for the first time at oral argument." *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 328 n.20, 71 A.3d 492 (2013). The defendant has not briefed such a claim in any manner. Second, "[i]n Connecticut, our appellate courts do not presume error on the part of the trial court. . . . Rather, the burden rests with the appellant to demonstrate reversible error." (Citation omitted; internal quotation marks omitted.) *Jalbert* v. *Mulligan*, 153 Conn. App. 124, 145, 101 A.3d 279, cert. denied, 315 Conn. 901, 104 A.3d 107 (2014). The defendant has not met that burden, as she has provided this court with no authority for the proposition that the trial court in this case was obligated to act sua sponte to advise her of any evidential shortcomings. As our Supreme Court has noted, in electing to proceed as a self-represented party, the defendant was "bound by the same rules of evidence and procedure as those qualified to practice law." *Cersosimo* v. *Cersosimo*, 188 Conn. 385, 394, 449 A.2d 1026 (1982).