# PRACHI NARAYAN *v.* LALIT NARAYAN
## (AC 30700)

DiPentima, Harper and Robinson, Js.*

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued March 18—officially released June 29, 2010

*John C. Heffernan,* with whom was *J. Colin Heffernan,* for the appellant (defendant).

*Samuel V. Schoonmaker IV,* for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant, Lalit Narayan, appeals from the judgment of the trial court dissolving his marriage and denying his motion to dismiss the dissolution action filed by the plaintiff, Prachi Narayan, for insufficient service and lack of personal jurisdiction. On appeal, the defendant claims that (1) the court erred in denying his motion to dismiss due to insufficient service of process, and (2) the court's award of alimony and child support in the dissolution action are void because the court lacked jurisdiction over him. In light

of a recently adopted rule of practice,[1] we vacate the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the defendant's appeal. The parties were married on December 9, 1999, in India, and have two minor children of the marriage. On June 7, 2007, the plaintiff commenced a dissolution of marriage action, docket number FA-07-4011965-S (dissolution action). In addition to a dissolution of the marriage, she sought custody of the children, alimony, spousal support, transfer of assets and legal fees. Despite repeated attempts by state marshals, the defendant was never served process.[2]

The commissioner of social services (commissioner), pursuant to General Statutes §§ 17b-745, 46b-215 and 46b-172, filed a support petition against the defendant in July, 2007 (support action), which was assigned the same docket number as the dissolution action.[3] The petition sought financial and medical support for the parties' children, as well as reimbursement to the state for disbursements made to the plaintiff. The defendant was served process for the support action on August 20, 2007, when the petition, order and summons were delivered to his employer, Tudor Investments.[4]

---

[1] Following oral argument before this court, the parties brought to our attention the applicable revisions to the rules of practice, Practice Book § 25A-2, which became effective April 15, 2010.

[2] Marshals attempted to serve the defendant at his place of business, by mail to multiple addresses in White Plains, New York, and also at a courthouse in Houston, Texas. All attempts were unsuccessful.

[3] It is apparently the practice of the Stamford-Norwalk judicial district to assign the same docket number to dissolution and support actions of the type involved in this case.

[4] General Statutes § 52-57 (f) provides in relevant part: "When the other methods of service of process provided under this section or otherwise provided by law cannot be effected, in actions concerning the establishment, enforcement or modification of child support orders other than actions for dissolution of marriage . . . service of process may be made upon a party to the action by one of the following methods, provided proof of receipt of such process by such party is presented to the court in accordance with rules promulgated by the judges of the Superior Court . . .

On October 22, 2007, during a proceeding in the support action, counsel for the defendant filed an appearance with the court, and the family support magistrate, John P. McCarthy, continued the support action until a later date. The appearance lists the docket number for the case for which counsel was appearing as "FA-07-4011965-S."

The plaintiff filed motions for alimony and child support on December 3, 2007. At this time, the plaintiff also moved the court to enter an order finding that the defendant had waived service on the basis of the appearance filed by counsel in the support action. The court, on December 18, 2007, dismissed the dissolution action for failure to prosecute. The plaintiff filed a motion to set aside the dismissal on February 13, 2008. On March 14, 2008, the defendant filed a motion to dismiss the dissolution action for lack of personal jurisdiction and insufficiency of service of process.[5] The court granted the plaintiff's motion to set aside the dismissal and denied the defendant's motion to dismiss on June 6, 2008. The defendant thereafter filed a motion to reconsider, which the court denied on August 27, 2008, reasoning that "the defendant failed to move for dismissal within thirty days of appearing as required by [Practice Book § 10-30]. An appearance cures any claimed defect of service."

Counsel for the defendant filed a motion to withdraw as counsel on September 4, 2008, arguing that he had

"(2) When a party to an action under this subsection is employed by an employer with fifteen or more employees, by personal service upon an official of the employer designated as an agent to accept service of process in actions brought under this subsection. Every employer with fifteen or more employees doing business in this state shall designate an official to accept service of process for employees who are parties to such actions. The person so served shall promptly deliver such process to the employee."

[5] Both parties represent that the defendant filed a separate appearance in the dissolution action at this time for the purpose of filing the motion to dismiss only. This appearance is not included in the court file.

appeared in the dissolution action only for the purpose of filing the motion to dismiss, which was denied, and "the [d]efendant's appearance prior to the filing of the motion to dismiss was filed in the [f]amily [s]upport [m]agistrate's [c]ourt in open court with no knowledge that both case[s] contain the same docket number." The court granted counsel's motion to withdraw on October 20, 2008. On October 17, 2008, the self-represented defendant filed a "special demurrer and motion to dismiss" on grounds of insufficient service of process and lack of jurisdiction. The motion was returned, unconsidered by the court, because the defendant had not filed an appearance in the case.

A trial in the dissolution action occurred on November 21, 2008. The self-represented defendant was not present, and the plaintiff represented that the defendant had filed an appearance in the matter.[6] The court found that the defendant "apparently has intentionally avoided appearing in this court either personally or through counsel . . . ."[7] After the plaintiff testified and presented evidence regarding the defendant's income, the court found that the defendant was "mainly responsible" for the breakdown of the marriage and granted the dissolution, awarding the plaintiff alimony and child support.[8] This appeal followed.

I

The defendant claims that the court erred in denying his motion to dismiss due to insufficient service of process and lack of personal jurisdiction. Specifically, he argues that (1) the court improperly found that he had waived his jurisdictional objections pursuant to

---

[6] We were unable to locate such an appearance in the court file.

[7] The court made no explicit findings as to its jurisdiction over the defendant.

[8] The family support magistrate, Linda T. Whibey, dismissed the support action on November 24, 2008.

Practice Book § 10-32[9] and (2) his appearance before the family support magistrate in the support action did not constitute a general appearance before the Superior Court in the dissolution action because the dissolution action and the support actions were separate and distinct legal proceedings.[10] In light of the newly adopted rule of practice, Practice Book § 25A-2, we agree with the defendant that his October 22, 2007 appearance was filed for the support action only, and he cannot be found to have waived his claim of insufficient service of process.

Before we review the defendant's claim, we must first articulate the relevant standard of review. "A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Emphasis in original; internal quotation marks omitted.) *LaBow* v. *LaBow*, 85 Conn. App. 746, 752, 858 A.2d 882 (2004), cert. denied, 273 Conn. 906, 868 A.2d 747 (2005). "[O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Tayco Corp.* v.

---

[9] Practice Book § 10-32 provides in relevant part: "Any claim of . . . insufficiency of process . . . is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30." Practice Book § 10-30 provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ."

[10] The defendant argues that the court committed plain error. "[T]he plain error doctrine, which is now codified at Practice Book § 60-5 . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy." (Internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 521–22, 923 A.2d 638 (2007). The claim properly was preserved, so we need not engage in plain error analysis.

*Planning & Zoning Commission,* 294 Conn. 673, 679, 986 A.2d 290 (2010).

Following oral argument before this court, the judges of the Superior Court adopted a new rule of practice addressing appearances in title IV-D support actions. Practice Book § 25A-2 (f) provides: "All appearances entered on behalf of parties for matters involving Title IV-D child support matters shall be deemed to be for those matters only." It is without question that this new rule speaks directly to the situation at issue in this case. Thus, we must consider whether this new rule applies retroactively to the present case.

"It is generally presumed that legislation is intended to operate prospectively [e]xcept as to amending statutes that are procedural in their impact . . . . Procedural statutes and rules of practice ordinarily apply retroactively to all actions whether pending or not at the time the statute [or rule] became effective, in the absence of any expressed intent to the contrary. . . . We have noted, however, that a procedural statute will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied." (Citations omitted; internal quotation marks omitted.) *Mulrooney* v. *Wambolt,* 215 Conn. 211, 216–17, 575 A.2d 996 (1990). "Procedural statutes have been traditionally viewed as affecting remedies, not substantive rights, and therefore leave the preexisting scheme intact. . . . [A]lthough we have presumed that procedural or remedial statutes are intended to apply retroactively absent a clear expression of legislative intent to the contrary . . . a statute which, in form, provides but a change in remedy but actually brings about changes in substantive rights is not subject to retroactive application. . . . While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of

enforcing such rights or obtaining redress." (Citations omitted; internal quotation marks omitted.) *D'Eramo* v. *Smith*, 273 Conn. 610, 620–21, 872 A.2d 408 (2005). Because Practice Book § 25A-2 is procedural in nature and merely serves to inform our interpretation of the defendant's October 22, 2007 appearance without affecting the substantive rights of the parties, it is applicable to the present case.

Both sides agree that the defendant filed his October 22, 2007 appearance prior to a hearing before the family support magistrate in the support action. This being the case, Practice Book § 25A-2 (f) clearly states that the appearance "shall be deemed to be for [the support action] only." The court's ruling in the defendant's motion for reconsideration of the motion to dismiss, which was that "the defendant failed to move for dismissal within thirty days of appearing," operates under the assumption that the October 22, 2007 appearance was entered for the dissolution action as well as the support action. On the basis of the record before us, there is no evidence of the defendant's having filed an appearance in the dissolution action. The thirty day time period, pursuant to Practice Book § 10-30, in which the defendant could file his motion to dismiss, did not begin to run on October 22, 2007. Accordingly, the rationale underlying the court's denial of the defendant's motion to dismiss is no longer sound.

In the alternative, as we noted previously, the parties are in agreement that the defendant filed an appearance on March 12, 2008, for the purposes of filing his March 14, 2008 motion to dismiss. This appearance is not in the record before us. If we assume arguendo that the defendant filed an appearance on March 12, 2008, his March 14, 2008 motion to dismiss was filed timely pursuant to Practice Book § 10-30. We are unable to conclude that the defendant waived his right to bring a motion

to dismiss on the basis of insufficiency of service and lack of personal jurisdiction.

## II

The defendant claims that the court's award of alimony and child support in the dissolution action is void because the court lacked jurisdiction over him. Because the defendant was never served, and there is no record of his having submitted to the jurisdiction of the court in the dissolution action, we agree.

We begin by setting forth our standard of review. "A challenge to the jurisdiction of the court presents a question of law. . . . Our review of the court's legal conclusion is, therefore, plenary." (Internal quotation marks omitted.) *Bove* v. *Bove*, 93 Conn. App. 76, 81, 888 A.2d 123, cert. denied, 277 Conn. 919, 895 A.2d 788 (2006).

"In ordinary usage of the term, [a summons is the] original process upon a proper service of which an action is commenced and the defendant therein named brought within the jurisdiction of the court . . . . A writ of summons is a statutory prerequisite to the commencement of a civil action . . . [and] an essential element to the validity of the jurisdiction of the court." (Citations omitted; internal quotation marks omitted.) *Stewart-Brownstein* v. *Casey*, 53 Conn. App. 84, 87–88, 728 A.2d 1130 (1999).

"The jurisdiction of the trial court is limited to those parties expressly named in the action coming before it. . . . Until one is given notice of the actions or proceedings against him and is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment either for or against him even though it may have jurisdiction of the subject matter. One who is not served with process does not have the status of a party to the proceeding. . . . A court has

no jurisdiction over persons who have not been made parties to the action before it. . . . [S]ervice of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party. . . . [N]o principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment, whenever and wherever declared upon as a source of right, may always be challenged. . . . If a court has never acquired jurisdiction over a defendant . . . any judgment ultimately entered is void and subject to vacation or collateral attack." (Citations omitted; internal quotation marks omitted.) *Bicio* v. *Brewer*, 92 Conn. App. 158, 165–67, 884 A.2d 12 (2005).

General Statutes § 46b-46 governs a court's jurisdiction over nonresident parties in actions for alimony and support. It provides: "(a) On a complaint for dissolution, annulment, legal separation or custody, if the defendant resides out of or is absent from the state or the whereabouts of the defendant are unknown to the plaintiff, any judge or clerk of the Supreme Court or of the Superior Court may make such order of notice as such judge or clerk deems reasonable. After notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant has actually received notice that the complaint is pending. If it does not appear that the defendant has had such notice, the court may hear the case, or, if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with. Nothing in this section shall be construed to affect the jurisdictional requirements of chapter 815p in a complaint for custody.

"(b) The court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual

notice under subsection (a) of this section; and (2) the party requesting alimony meets the residency requirement of section 46b-44." General Statutes § 46b-46. At trial, the plaintiff represented that the defendant had filed an appearance in the dissolution action, and the court apparently accepted this representation. The record before us contains no such appearance, and the court failed to make a finding pursuant to § 46b-46 (a) that the defendant had actual notice of the case. The court, therefore, did not have jurisdiction to hear the case, as the defendant was never served process in the dissolution action, nor did the court make the requisite findings of fact to support an exercise of jurisdiction over the defendant. This being the case, the court's decision to grant the dissolution and award the plaintiff alimony and child support is void.

The judgment is vacated and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.