HIGHGATE CONDOMINIUM ASSOCIATION,
INC. *v.* ROBERT MILLER ET AL.
(AC 31647)

Alvord, Bear and West, Js.

---

Argued December 10, 2010—officially released June 14, 2011

*Paul J. Garlasco*, for the appellant (plaintiff).

*Jeffrey M. Knickerbocker*, for the appellee (defendant U.S. Bank National Association, as trustee).

*Opinion*

PER CURIAM. The plaintiff, Highgate Condominium Association, Inc., appeals from the decision of the trial court granting the motion of the defendant U.S. Bank

National Association, as trustee (U.S. Bank),[1] to open the judgment of strict foreclosure rendered in favor of the plaintiff. On appeal, the plaintiff claims that the court did not possess the authority to open the judgment because the title to the foreclosed property had become absolute in the plaintiff and, thus, the judgment was opened improperly.[2] We agree and, accordingly, reverse the decision of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim on appeal. On December 12, 2008, the plaintiff commenced the underlying action to foreclose its statutory lien on a condominium unit located in Watertown. The complaint alleged that, pursuant to General Statutes § 47-258, the lien resulted from the failure of the titleholder, Robert Miller, to pay the plaintiff for required common charges as contained in the declaration of condominium. As a result of its interest in the subject property, the defendant was also named in the complaint and writ of summons. The plaintiff stated that it provided proper service of process to all relevant parties, including the defendant, who was allegedly served at an address in Owensboro, Kentucky. On January 20, 2009, the defendant was defaulted for failure to appear. Thereafter, on

[1] The plaintiff commenced the underlying action naming Robert Miller, U.S. Bank, Beneficial Mortgage Company of Connecticut and Mortgage Electronic Registration Systems, Inc., as defendants having an interest in the subject property. U.S. Bank is the only defendant that has participated in this appeal. For convenience, we refer in this opinion to U.S. Bank as the defendant.

[2] The plaintiff frames this issue as an abuse of the court's discretion. We conclude, however, that the plaintiff is questioning the authority of the trial court to act. Our Supreme Court "has concluded that an order opening a judgment is ordinarily not a final judgment. . . . [It also has] recognized, however, that [a]n order of the trial court opening a judgment is . . . an appealable final judgment where the issue raised is the power of the trial court to open. . . . Indeed, [the] court has recognized an exception . . . for those cases in which the appellant makes a colorable challenge to the jurisdiction of the trial court to open the judgment." (Citations omitted; internal quotation marks omitted.) *Novak* v. *Levin*, 287 Conn. 71, 77, 951 A.2d 514 (2008).

April 27, 2009, the court, *Agati, J.,* granted the plaintiff's motion for strict foreclosure and ordered an assignment of law days set to commence on June 30, 2009. The defendant did not attempt to redeem the property prior to the running of the law days. On July 7, 2009, the plaintiff provided notice to all parties that, as result of the judgment of strict foreclosure, title to the subject property had become absolute in the plaintiff.

The defendant subsequently filed separate appearances on July 29 and August 11, 2009, with the Superior Court. On August 27, 2009, pursuant to Practice Book § 10-30, the defendant filed a motion to dismiss the foreclosure action on the ground that the plaintiff did not serve the defendant properly, and, as a result, the court lacked personal jurisdiction over the defendant as required by General Statutes § 52-59b.[3] The defendant claimed that it did not have an office at the address that the plaintiff allegedly served. The plaintiff objected to that motion, claiming that it had served the defendant properly and that any attempt to open the judgment was prohibited by General Statutes (Rev. to 2009) § 49-15 (a).[4] On September 21, 2009, the court, *Cronan, J.,*

[3] The plaintiff reports that it served the defendant at 4801 Frederica Street, Owensboro, Kentucky. Certified return receipts indicate that Sarah Ward signed for the writ of summons and complaint. On October 19, 2009, at a hearing on the defendant's motion to open the judgment and motion to dismiss, the plaintiff's counsel informed the court that he had spoken to Ward on the telephone and that she had confirmed to him that she signed the certified return receipt in her capacity as an employee of the defendant. In its memorandum of law in support of its motion to dismiss, the defendant denied having an office at that address, stating, "[u]pon information and belief, this address is a branch office of a bank, not the defendant's address." At oral argument before this court, both parties acknowledged that someone signed the return receipt for the certified writ of summons and complaint at the Owensboro, Kentucky address. The defendant, however, reiterated its denial that it had any knowledge that Ward was its agent or that it had an office located at that address.

[4] General Statutes (Rev. to 2009) § 49-15 (a) provides in relevant part that "no . . . judgment [of strict foreclosure] shall be opened after the title has become absolute in any encumbrancer."

denied the defendant's motion to dismiss. Included in its denial, however, the court added a notation stating, "until motion to open is filed." Consequently, the defendant filed a motion to open the judgment on September 15, 2009, and reiterated its claim that the court lacked personal jurisdiction over it. During a hearing on October 19, 2009, the defendant requested that the judgment be opened and that the court either rule on its motion to dismiss or set a new law day specific to its interests in the subject property. Each party presented conflicting statements regarding the efficacy of the plaintiff's service. Thereafter, the court granted the defendant's motion to open the judgment without comment, but did not rule on the defendant's pending motion to dismiss for lack of personal jurisdiction or set a new law day specific to the defendant's interest in the subject property.[5] The plaintiff did not request an articulation of the court's decision and subsequently filed the present appeal.

Following oral argument before this court, we, sua sponte, ordered the trial court to articulate the factual

[5] At the hearing, the plaintiff's counsel, attorney Paul J. Garlasco, requested that he be able to provide sworn testimony regarding the efficacy of his service on the defendant in addition to certain conversations that allegedly transpired between him and the defendant's counsel. After the court granted this request, Garlasco provided testimony regarding the manner in which he attempted to serve the defendant and that he was informed by the person that signed the return receipt of the complaint and writ of summons that she was an agent of the defendant. During Garlasco's testimony, however, the court informed Garlasco that it needed to attend to other cases on the docket and that his testimony and summation would need to be cut short. The following colloquy ensued between the court and counsel for the parties:

"The Court: If you want to have a full hearing with everyone here, I'd be happy to oblige. But this morning, summarize or we'll put it off.

"Attorney Garlasco: I'd like to summarize it, Your Honor, because we've been here multiple times. And each time the defendant, through its own neglect, failed to move forward. . . .

"[The Defendant's Counsel]: Your Honor, we were here, both of us were here, on numerous occasions—

"The Court: All right, I'm not going to put up with this. I will read the memorandum, make a decision on the memorandum."

and legal basis for its decision to grant the motion to open the judgment of strict foreclosure. In an April 4, 2011 articulation, the court stated that it "granted the defendant's motion to open on the papers [and that the] defendant's motion did reference the issue of improper service."[6] The court also noted in its articulation that although it offered the parties an opportunity to present further arguments in a "less frenzied forum" rather than what they encountered on the foreclosure docket, the parties declined the invitation.[7] Additional facts will be set forth as necessary.

In this appeal, the plaintiff, in reliance on § 49-15 (a), claims that, because title to the subject property had become absolute in the plaintiff, the court did not have the authority to grant the defendant's motion to open the judgment of strict foreclosure in the absence of a specific finding that it lacked personal jurisdiction over the defendant. We agree.

We begin by setting forth set our standard of review. "Because a challenge to the personal jurisdiction of the trial court is a question of law, our review is plenary." *Myrtle Mews Assn., Inc.* v. *Bordes*, 125 Conn. App. 12, 15, 6 A.3d 163 (2010).

It is a general rule that "a judgment of strict foreclosure ordinarily cannot be opened after the law day has passed, [unless] the judgment [is] attacked on the ground that the court lacked jurisdiction over the party

[6] The defendant's motion to open the judgment asserted that the court lacked personal jurisdiction over the defendant as a result of improper service of process. See footnote 3 of this opinion. The court was also in possession of the defendant's memorandum in support of its motion to dismiss for lack of personal jurisdiction and the plaintiff's objection to that motion.

[7] The court stated, in its April 4, 2011 articulation, that it "established the procedure of rescheduling matters that would involve prolonged oral argument to a Wednesday afternoon when the Housing Court judge . . . was available."

challenging it." *Argent Mortgage Co., LLC* v. *Huertas,* 288 Conn. 568, 576, 953 A.2d 868 (2008). Once title has vested, no practical relief is available "[*p*]*rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . .*" (Emphasis added; internal quotation marks omitted.) *First National Bank of Chicago* v. *Luecken,* 66 Conn. App. 606, 612, 785 A.2d 1148 (2001), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002). A natural corollary of this principle is that a judgment of strict foreclosure may be opened only upon a finding that the court lacked jurisdiction over either the person or the case at the time the judgment of strict foreclosure was entered. Anything less would appear to be in direct contravention of the strictures of § 49-15 (a) and our subsequent case law. See *Argent Mortgage Co., LLC* v. *Huertas,* supra, 576;[8] *First National Bank of Chicago* v. *Luecken,* supra, 612.

"It is axiomatic . . . that a court cannot render a judgment without first obtaining personal jurisdiction over the parties. No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment . . . may always be challenged. . . . [A] defect in process . . . implicates personal jurisdiction." (Internal quotation marks omitted.) *Myrtle Mews Assn., Inc.* v. *Bordes,* supra, 125 Conn. App. 16. Although our Supreme Court has recognized that "[w]hen a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which

---

[8] In *Argent Mortgage Co., LLC,* our Supreme Court determined that because the trial court possessed proper personal jurisdiction over the defendant at the time that the judgment of strict foreclosure was entered, the proper form of judgment in response to the defendant's motion to open that judgment was to dismiss the motion to open the judgment of strict foreclosure as moot because there is no practical relief available to the defendant. *Argent Mortgage Co., LLC* v. *Huertas,* supra, 288 Conn. 581–82.

will establish jurisdiction"; *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 54, 459 A.2d 503 (1983); it also has instructed that "where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. . . . An evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties."[9] (Citations omitted; internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 652–54, 974 A.2d 669 (2009); see also *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 315–16, 763 A.2d 1058 (2001).

In the present case, given the stringent limitations placed on a court's authority to open a judgment of strict foreclosure pursuant to § 49-15 (a), it was critical for the court to make a definitive factual and legal finding regarding the issue of its personal jurisdiction over the defendant. See *Narayan* v. *Narayan*, 122 Conn. App. 206, 216, 3 A.3d 75 (court's failure to make requisite statutory findings to support its exercise of jurisdiction rendered court's decision void), cert. granted on other grounds, 298 Conn. 914, 4 A.3d 833 (2010). Here, the court stated that it "granted the defendant's motion to open on the papers [and that the] defendant's motion did reference the issue of improper service." Although the plaintiff did not request a further evidentiary hearing to establish that the court possessed jurisdiction over the defendant, the testimony of its counsel, that the plaintiff served the defendant properly, was cut short when the court informed him that there were other

---

[9] This court has held that in certain situations, not present here, an evidentiary hearing is not necessary where there are undisputed factual allegations, the parties have submitted affidavits supporting their positions and the plaintiff failed to request the hearing. See *Walshon* v. *Ballon Stoll Bader & Nadler, P.C.*, 121 Conn. App. 366, 371, 996 A.2d 1195 (2010).

cases on the foreclosure docket that needed to be addressed. See footnote 5 of this opinion. This testimony, in light of the defendant's motion and allegations that it had not been served properly, created a disputed issue of fact pertaining to the efficacy of the service, and the court should have conducted a hearing to establish whether its authority to open the judgment was implicated pursuant to its jurisdiction over the defendant.[10] See *Coughlin* v. *Waterbury*, supra, 61 Conn. App. 315. ("[w]hen issues of fact are disputed, due process requires that an evidentiary hearing be held with the opportunity to present evidence and to cross-examine adverse witnesses"). We conclude, therefore, that the court improperly granted the motion to open the judgment of strict foreclosure without first making a factual and legal determination that it lacked personal jurisdiction over the defendant.

The decision of the court to open the judgment of strict foreclosure is reversed and the case is remanded for further proceedings in accordance with this opinion.

---

[10] Although the plaintiff concedes, as it must, that the court would have possessed the authority to open the judgment had it found that it lacked personal jurisdiction over the defendant, we conclude that the court did not make such a requisite finding.