******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

CITY OF NORWICH *v.* THE GHT TRUST ET AL.

CITY OF NORWICH *v.* THE REBNER LAND TRUST

CITY OF NORWICH *v.* RLS TRUST
(AC 47240)

Alvord, Seeley and Flynn, Js.

*Syllabus*

The defendants in three actions to foreclose municipal tax liens appealed from the trial court's judgments denying their motions to open after the court rendered judgments of foreclosure for the plaintiff city. The defendants claimed that the court improperly failed to determine whether it lacked personal jurisdiction over the defendants due to insufficient service of process. *Held*:

The trial court improperly failed to make a factual and legal determination regarding personal jurisdiction over each of the defendants, as the defendants clearly raised the issue of insufficient service of process as the basis for opening the judgments in their motions to open, which implicated personal jurisdiction, and, accordingly, the judgments denying the motions to open were reversed and the cases were remanded to the trial court to hold a hearing and to determine whether personal jurisdiction existed.

Argued December 10, 2024—officially released May 27, 2025

*Procedural History*

Action, in each case, to foreclose a municipal tax lien on certain real property owned by the named defendant, brought to the Superior Court in the judicial district of New London, where the defendants were defaulted for failure to appear; thereafter, the court, *K. Murphy, J.,* rendered judgment, in the first case, of foreclosure by sale and rendered judgments, in the second and third cases, of strict foreclosure; subsequently, the court, *Spallone, J.,* denied, in each case, the named defendant's motion to open, from which the named defendant in each case appealed to this court. *Reversed; further proceedings.*

*Edward E. Bona,* for the appellants (named defendant in each case).

*Aimee L. Siefert*, for the appellee (plaintiff in each case).

*Opinion*

FLYNN, J. This consolidated appeal involves three separate actions brought by the plaintiff in each action, the city of Norwich (city), seeking to foreclose municipal tax liens on three properties, each of which was held by a different trust. The defendants in the respective actions, The GHT Trust,[1] The Rebner Land Trust, and RLS Trust, appeal from the judgments of the trial court, *Spallone, J.*, denying their motions to open after the trial court, *K. Murphy, J.*, rendered judgments of foreclosure in favor of the city and title had vested in others.[2] On appeal, the defendants claim, inter alia, that the court failed to decide whether it lacked personal jurisdiction over the defendants due to insufficient service of process.[3] We agree and, accordingly, reverse the judgments denying the motions to open and remand the cases to the trial court.

---

[1] Danjon Capital, Inc., a junior lienholder that had redeemed, also was named as a defendant in the case involving The GHT Trust. Although Danjon Capital, Inc., was listed as an appellee in the present appeal, it did not file a brief or otherwise participate in this appeal. Accordingly, all references in this opinion to the defendants are to The GHT Trust, The Rebner Land Trust, and RLS Trust only.

[2] Although the defendants indicated on their appeal form that they also sought to appeal from the court's denials of their motions for reconsideration, the defendants have not raised or briefed any claim of error as to those rulings. See *Johnson* v. *Vita Built, LLC*, 217 Conn. App. 71, 74 n.1, 287 A.3d 197 (2022) (although plaintiffs indicated on appeal form that they sought to appeal from court's denial of application for prejudgment remedy, they did not raise or brief any claim of error as to that aspect of court's ruling and, thus, abandoned any such claim).

[3] The defendants also claim that "[t]he record . . . yields the inescapable conclusion that no service was made, that service could have been made and that the [city] decided, intentionally, to make no attempt at it," and, therefore the court never acquired any personal jurisdiction over the defendants. As explained subsequently in this opinion, the record does not yield such a conclusion, as service by publication was made and there remains a disputed issue pertaining to whether personal jurisdiction was established by it. The defendants' counsel did not appear at the scheduled hearing on

The following facts and procedural history are relevant to our resolution of this appeal. The city commenced the first action, *Norwich* v. *Rebner Land Trust*, Superior Court, judicial district of New London, Docket No. CV-22-6058560-S (Rebner Land Trust action), in September, 2022, to collect payment of outstanding real estate taxes levied on property owned by The Rebner Land Trust on Newton Street (Rebner Land Trust property). The city commenced the second action, *Norwich* v. *GHT Trust*, Superior Court, judicial district of New London, Docket No. CV-22-6058980-S (GHT Trust action), in October, 2022, to collect payment of outstanding real estate taxes levied on property owned by The GHT Trust on Summit Street (GHT Trust property). The city commenced the third action, *Norwich* v. *RLS Trust*, Superior Court, judicial district of New London, Docket No. CV-23-6060691-S (RLS Trust action), in March, 2023, to collect payment of outstanding real estate taxes levied on property owned by RLS Trust on Talman Street (RLS Trust property).

In each action, the city filed a motion for first order of notice, and the court found that the addresses of the defendants were "unknown and that reasonable efforts to find the defendant(s) have failed . . . ." Accordingly, the court ordered the city to publish notice of each foreclosure action on the Judicial Branch legal notices website. See General Statutes § 52-68.[4] The city

their respective motions. Accordingly, we do not make any determination as to whether the court's rulings on the motions to open were proper and conclude that a remand is necessary because the court did not determine whether there was personal jurisdiction.

In addition, the defendants claim that the court violated their due process rights by failing to hold an evidentiary hearing to establish personal jurisdiction. Because the court must hold a hearing in accordance with our remand order, we do not separately address this claim.

[4] General Statutes § 52-68 provides: "(a) The Superior Court, and the judges, clerks and assistant clerks thereof, may, except where it is otherwise specially provided by law, make such order as is deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be

subsequently filed the Judicial Branch form titled "Affidavit of Online Publication of Legal Notice After Court Order," form JD-CL-161, and a motion for a finding of actual notice and/or that further notice was unnecessary in each case. The city's motion in the Rebner Land Trust action noted that "[t]he subject property is vacant land; therefore, service on the property address would not . . . yield any results." The city's motions in the GHT Trust action and the RLS Trust action did not provide additional information about the properties at issue in those cases.

The court, *K. Murphy, J.*, granted the city's motions for a finding that further notice was unnecessary. In the Rebner Land Trust action, the court initially ruled that additional notice was required, as "[n]otice to the owner of the property should be provided to [the Rebner Land Trust property] by causing some proper officer to serve [the complaint and related documents] on the defendant in the manner prescribed by law . . . ." The city filed a motion for clarification "on exactly where the court would like the [city] to have the defendant served" because, "as mentioned in the Motion for Finding Further Notice Unnecessary, the [Rebner Land Trust property] is vacant land." The court subsequently ordered that, "[i]n light of the information provided in the [city's] motion for clarification, the court's previous order requiring additional notice is vacated and the [city's] motion for finding further notice unnecessary is granted." The court also ruled that, "[i]n light of

brought to or pending in the Superior Court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding.

"(b) Such notice, having been given and proved by the affidavit of the officer who served the notice or by other competent evidence, shall be deemed sufficient service and notice, and the court may proceed to a hearing, unless otherwise provided by law, or may order further notice as it deems reasonable."

the court's recent ruling in granting the [city's] motion finding further notice unnecessary, no further clarification is needed." In the GHT Trust action, the court granted the city's motion outright. In the RLS Trust action, similar to the Rebner Land Trust action, the court initially ruled that additional notice was required, with "[s]ervice of trust with unknown address to be made at the address of the [RLS Trust property]." The city filed a motion for clarification "on exactly where the court would like the defendant served," as "the [RLS Trust property] is an abandoned building." The court subsequently granted the city's motion for a finding that further notice was unnecessary and ordered that "no further notice is necessary due to compliance with publication notice," then ruled that no further clarification was needed.

The defendants were subsequently defaulted for failure to appear.[5] On March 1, 2023, the court rendered a judgment of foreclosure by sale in the Rebner Land Trust action, setting a sale date of May 6, 2023. The city was the highest bidder at the foreclosure sale, and the court granted the committee's motion to approve the sale to the city on June 12, 2023. Title to the Rebner Land Trust property passed to the city on that same date, when the committee filed the deed of sale with the court. See *U.S. Bank, National Assn.* v. *Fitzpatrick*, 206 Conn. App. 509, 515, 260 A.3d 1240 (2021) (title to property passed to plaintiff when committee filed deed of sale with court).

---

[5] In the Rebner Land Trust action, the judicial notice of order indicating that The Rebner Land Trust was defaulted for failure to appear was sent to the Newton Street address and returned to the court with a stamp that stated "no such number" and "unable to forward." The returned mail was filed with the court on February 15, 2023. In the GHT Trust action, the judicial notice of order indicating that The GHT Trust was defaulted for failure to appear was sent to the Summit Street address and returned to the court with a stamp that stated "vacant" and "unable to forward." The returned mail was filed with the court on March 3, 2023. No returned mail was filed in the RLS Trust action.

On May 31, 2023, the court rendered a judgment of strict foreclosure in the GHT Trust action and set the law days to commence on June 27, 2023. Danjon Capital, Inc., a junior lienholder, exercised its right to redemption on its law day, June 28, 2023, and became the owner of the GHT Trust property.[6] The city filed a satisfaction of judgment on June 29, 2023.

On July 12, 2023, the court rendered a judgment of strict foreclosure in the RLS Trust action and set the law days to commence on August 8, 2023. RLS Trust did not attempt to redeem the property prior to the running of the law days and, on August 9, 2023, title to the RLS Trust property passed to the city on its assigned law day.

On August 31, 2023, counsel for the defendants filed appearances in all three cases. On September 5, 2023, the defendants filed motions to open and vacate the

---

[6] Attorney Stephanie B. Nickse filed an appearance in the GHT Trust action on behalf of Danjon Capital, Inc., on February 27, 2023. The court defaulted Danjon Capital, Inc., on May 15, 2023, for failure to disclose a defense. Danjon Capital, Inc., subsequently filed an affidavit of debt, dated May 30, 2023, in which it requested that the court grant the city's motion for a judgment of strict foreclosure. As explained previously in this opinion, the court rendered a judgment of strict foreclosure, and Danjon Capital, Inc., exercised its right to redemption on its law day. The motion to open filed by The GHT Trust, which is described subsequently in this opinion and is at issue in the present appeal, was filed on September 5, 2023, after title to the GHT Trust property had vested in Danjon Capital, Inc.

Our review of the trial court file reflects that Attorney Nickse, as counsel for Danjon Capital, Inc., was listed on the certificates of service attached to the motion to open and the subsequent motion to reconsider the denial of that motion, certifying that the defendants' counsel sent notice of those motions to Attorney Nickse. In addition, Danjon Capital, Inc., was named as an appellee in the present appeal, and our review of the notices issued by the Office of the Appellate Clerk indicates that Attorney Nickse received notice of, inter alia, the filing of the defendants' brief, the deadline for its appellee brief, the marking of the case as "ready," and the assignment to the docket for oral argument. As set forth in footnote 1 of this opinion, however, Danjon Capital, Inc., did not file a brief or otherwise participate in the present appeal.

judgments on the basis that there had been no service of process and, consequently, the court lacked personal jurisdiction over them when it rendered the judgments against them. In their motions, the defendants argued that "[n]o service was made or attempted" on them, and the city did not submit affidavits in support of its motions for a finding that further notice was unnecessary, aside from noting that the Rebner Land Trust property was vacant land, to explain why it could not serve the defendants by way of "normal means."

The motions to open stated that motions to dismiss were simultaneously being filed, "setting forth the basis and the means by which the defendant[s] could have been found and [were] easily locatable such that service could be effectuated." In their memoranda of law accompanying the motions to dismiss, the defendants argued, inter alia, that the defendants' addresses were not "unknown" to the city, as required for the court's order pursuant to § 52-68 for notice by publication, because the deeds to their respective properties, which had been filed with the city, listed certain post office boxes as the defendants' addresses. The defendants noted that the city did not submit affidavits in support of its motions for a finding that further notice was unnecessary and argued that "it cannot be said that the address of the defendant[s] [were] in fact unknown to the [city], who itself is in charge of the care of the very land records it relied upon to issue and transmit to the defendant[s] both assessments and tax bills." Copies of the deeds were attached as exhibits to the defendants' motions to dismiss.

On September 14, 2023, the city filed objections to the defendants' motions to open. In all three actions, the city argued that service was proper because the names and residences of the defendants were unknown to the city and, thus, it instituted the actions by providing notice by publication pursuant to the court's orders

of notice, which were obtained in accordance with § 52-68. The city claimed that the properties were owned by trusts and, "[a]t the time the property was transferred into the trust[s], there was no indication on the deed of a trustee or a physical mailing address." The city also argued that in all of the foreclosure actions, the land was either vacant or, in the case of the RLS Trust property, improved with an abandoned house,[7] which "limit[ed] the [city's] ability to serve the complaint" on any person at the subject properties.

In addition, with respect to the judgments of strict foreclosure against The GHT Trust and RLS Trust, the city argued that the court lacked jurisdiction to consider the defendants' motions to open pursuant to General Statutes § 49-15 (a) (1) because they were filed after the passage of the law days,[8] and the motions did not allege "rare and exceptional" circumstances such as "fraud, accident, mistake, and surprise" that would invoke the court's continuing equitable jurisdiction pursuant to *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 379, 260 A.3d 1187 (2021). The city made a similar argument in its objection to the motion to open the judgment of foreclosure by sale of the Rebner Land Trust property. The city referenced § 49-15 (a) (1) but

---

[7] The city stated that "the subject property has an abandoned house on it per the appraisal that is on file with the court." The appraisal report states that "the subject property gives the appearance of being abandoned."

[8] General Statutes § 49-15 (a) (1) provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection."

"In Connecticut, the passage of the law days in an action for strict foreclosure extinguishes a mortgagor's equitable right of redemption and vests absolute title in the encumbrancer." *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 375, 260 A.3d 1187 (2021).

acknowledged that it applied only to judgments of strict foreclosure. Nevertheless, relying on *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 752 n.3, 966 A.2d 239 (2009), the city argued that The Rebner Land Trust failed to file the motion to open (1) within the four month limitation set forth in General Statutes § 52-212a,[9] and (2) before the court's approval of the committee sale.

Also on September 14, 2023, the court issued orders notifying the parties that the matter would be scheduled for a remote hearing at a later date. On September 22, 2023, the court issued notices to the parties that it would hold the remote hearing on October 11, 2023. The defendants' counsel did not attend the hearing.[10]

On October 12, 2023, the court, *Spallone, J.*, issued orders denying the defendants' motions to open and vacate the judgments. It did so on the ground that title had vested. The court made no determination on the manner of service made on any defendant or whether there was personal jurisdiction. We therefore have no factual or legal determination on that jurisdictional issue.

The court's order in the Rebner Land Trust action stated: "This motion to open and vacate judgment was on the remote foreclosure calendar on October 11, 2023. Counsel for the [city] appeared and presented oral argument. Counsel for the defendant did not appear. The court finds that the [city's] argument in its objection is persuasive. The [city] argues that the defendant's

---

[9] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which the notice of judgment or decree was sent. . . ."

[10] The parties have not provided this court with a transcript of the hearing on October 11, 2023.

motion is precluded because it was not filed before title vested in the [city] on July 17, 2023. The [city] made an analogy to . . . § 49-15 (a) (1) but conceded that it applies to strict foreclosures. However, the [city] noted that case law has developed in this field regarding foreclosure by sale, citing *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, [supra, 112 Conn. App. 752 n.3]. The court finds the case (and authority cited therein) cited by the [city] to be persuasive, and the motion to open and vacate is denied.''

With respect to the motion to open the foreclosure judgment in the GHT Trust action, the court ruled: ''This motion to open and vacate judgment was on the remote foreclosure calendar on October 11, 2023. Counsel for the [city] appeared and presented oral argument. Counsel for the defendant did not appear. The court finds that the [city's] argument in its objection is persuasive. The [city] argues that the defendant's motion is precluded because it was not filed before title vested in [Danjon Capital, Inc.] on [June] 28, 2023, as required by . . . § 49-15 (a) (1) absent any rare or exceptional circumstances. No such circumstances are raised here, and the motion is denied.'' The court issued a nearly identical order concerning the motion to open in the RLS Trust action, noting that title had vested in the city in that case on August 9, 2023.

On October 16, 2023, the defendants filed motions for reconsideration. The motions did not address counsel's failure to attend the hearing on October 11, 2023. The defendants claimed that, in denying their motions to open, the court overlooked *Highgate Condominium Assn., Inc.* v. *Miller*, 129 Conn. App. 429, 21 A.3d 853 (2011), which they were citing for the first time, and failed to make a finding of personal jurisdiction. The defendants argued that, pursuant to *Highgate Condominium Assn., Inc.*, ''where a jurisdictional determination is dependent on the resolution of a critical factual

dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. . . . An evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties." (Internal quotation marks omitted.) Id., 436. In addition, the defendants argued that *Highgate Condominium Assn., Inc.,* "also requires that the court 'make a definitive factual and legal finding regarding the issue of its personal jurisdiction over the defendant[s]'; [id.]; which it did not in its ruling." The defendants, accordingly, requested that the court reconsider its decisions denying their motions to open (1) to take into account *Highgate Condominium Assn., Inc.,* and (2) to make a finding as to personal jurisdiction over the defendants.

The city filed objections to the motions for reconsideration that included motions for sanctions. The city argued that the defendants' motions should be denied because the defendants failed to appear at the hearing on the motions to open and, in their motions for reconsideration, they did not provide an explanation for their failure to attend. The city argued that their "failure to prosecute [their] own motion[s] should not be [their] chance to have another bite at the apple." As to its requests for sanctions, the city argued that "[t]he [defendants'] counsel's procedural tactics are simply done to delay and cause the [city] to spend additional money on attorney's fees. . . . The individual behind the defendant trust[s] and the [defendants'] counsel have a long history of filing dilatory motions and objections which are a waste of judicial resources."

The court summarily denied the defendants' motions for reconsideration on December 14, 2023, and sustained the city's objections thereto.[11] This consolidated appeal followed.

---

[11] The defendants filed motions for articulation of the court's denial of their motions for reconsideration, which the court denied. The defendants

Once raised, the issue of the court's jurisdiction must be addressed. See *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 576, 953 A.2d 868 (2008); see also *Bateson* v. *Weddle*, 306 Conn. 1, 7, 48 A.3d 652 (2012). The court in the present case did not do so.

"Motions to open judgments of strict foreclosure are governed by . . . § 49-15 (a) (1). Under § 49-15 (a) (1), courts *generally* cannot open a judgment of strict foreclosure after the passage of the law days because such an event vests absolute title in the encumbrancer." (Emphasis in original.) *U.S. Bank National Assn.* v. *Booker*, 220 Conn. App. 783, 793, 299 A.3d 1215, cert. denied, 348 Conn. 927, 304 A.3d 860 (2023); see footnote 8 of this opinion.

Both this court and our Supreme Court have identified limited circumstances under which a court may open a judgment of strict foreclosure. In *U.S. Bank National Assn.* v. *Rothermel*, supra, 339 Conn. 366, our Supreme Court concluded that "there is a limited exercise of jurisdiction over a narrow class of equitable claims raised in postvesting motions to open, despite the general prohibition of such jurisdiction by . . . § 49-15 (a) (1). . . . The category of claims that fall within this class of cases sound in [f]raud, accident, mistake, and surprise . . . . These are rare exceptions, applicable only in unusual circumstances." (Citations omitted; footnote omitted; internal quotation marks omitted.) *DXR Finance Parent, LLC* v. *Theraplant, LLC*, 223 Conn. App. 362, 374–75, 309 A.3d 347, cert. denied, 348 Conn. 957, 310 A.3d 380 (2024).

In addition to the circumstances set forth in *Rothermel*, a court may also open a judgment of strict foreclosure on the basis that the court lacked personal jurisdiction at the time the judgment was rendered. "Once the

subsequently filed a motion for review with this court, which granted review but denied the relief requested therein.

question of lack of jurisdiction of a court is raised . . . [t]he court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *Bateson* v. *Weddle*, supra, 306 Conn. 7. "It is axiomatic that a court cannot render a judgment without first obtaining personal jurisdiction over the parties. No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment, whenever and wherever declared upon as a source of a right, may always be challenged. . . . Furthermore, [a] defect in process . . . implicates personal jurisdiction . . . . [W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. . . . The jurisdiction that is found lacking . . . is jurisdiction over the person . . . . [A]lthough . . . a judgment of strict foreclosure ordinarily cannot be opened after the law day has passed, the judgment can be attacked on the ground that the court lacked jurisdiction over the party challenging it." (Citations omitted; internal quotation marks omitted.) *Argent Mortgage Co.*, *LLC* v. *Huertas*, supra, 288 Conn. 576; see also *Highgate Condominium Assn.*, *Inc.* v. *Miller*, supra, 129 Conn. App. 435 ("Once title has vested, no practical relief is available [*p*]*rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court* . . . . A natural corollary of this principle is that a judgment of strict foreclosure may be opened . . . upon a finding that the court lacked jurisdiction over either the person or the case at the time the judgment of strict foreclosure was entered." (Citation omitted; emphasis in original; internal quotation marks omitted.)).

A trial court's authority to open a judgment of foreclosure by sale similarly is limited. "A motion to open a judgment of foreclosure by sale is typically subject to

two restrictions. . . . First, a motion to open a judgment of foreclosure by sale must be filed within the four month restriction of . . . § 52-212a. . . . [T]he second restriction on a motion to open a judgment of foreclosure by sale is that it must be filed before absolute title left the property owner, which [in the case in which the motion is filed by the holder of the equity of redemption] means before the committee sale was approved." (Internal quotation marks omitted.) *Quicken Loans, Inc.* v. *Rodriguez*, 227 Conn. App. 806, 825, 324 A.3d 167 (2024), cert. denied, 351 Conn. 905, 330 A.3d 133 (2025); see also *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, supra, 112 Conn. App. 752 n.3. As with a judgment of strict foreclosure, however, a claim that the court lacked personal jurisdiction may serve as the basis for a motion to open a judgment of foreclosure by sale. See *People's United Bank, National Assn.* v. *Purcell*, 187 Conn. App. 523, 525–27, 202 A.3d 1112 (2019) (considering, in context of motion to open judgment of foreclosure by sale, whether court lacked personal jurisdiction over defendant).

In the present case, the defendants contend that, in denying their motions to open the judgments, the trial court failed to make a definitive factual and legal finding regarding the issue of personal jurisdiction, as required by *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 129 Conn. App. 436, and, accordingly, this court must remand the matter to the trial court to make such a finding. In response, the city argues that the defendants did not cite any "rare or exceptional circumstances" that would have permitted the trial court to invoke its continuing equitable authority to open the judgments under *Rothermel*. In addition, the city argues that the defendants failed to cite *Highgate Condominium Assn., Inc.*, in their motions to open and did not attend the hearing scheduled on those motions, and, therefore, "the defendants' failure to prosecute [their] motions

should not be rewarded by overturning a decision that was not erroneous."[12]

We conclude that, because the court never decided whether it had personal jurisdiction—although possibly because the defendants' counsel never appeared at the time of the hearing to cite any authorities or offer any necessary evidence—we must remand the present case to the court to make a factual and legal determination regarding personal jurisdiction, hearing argument from the parties and taking such evidence and making such findings as may be necessary to that determination.[13] See *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 576.

In the present case, the defendants filed their motions to open the judgments of foreclosure on the basis that the court lacked personal jurisdiction over them at the time that it rendered the judgments. The court, however, denied the defendants' motions to open on another basis, namely, that title to the subject properties had already passed and the defendants failed to raise any "rare or exceptional circumstances." The court, however, did not address the defendants' claim that the court lacked personal jurisdiction.

As set forth previously in this opinion, lack of personal jurisdiction provides a separate basis for opening the judgments of foreclosure, independent from the

---

[12] The city does not claim that notice by publication provided sufficient service of process to the defendants or otherwise address the issue of personal jurisdiction.

[13] On April 1, 2025, this court, sua sponte, ordered the parties "to file supplemental memoranda on or before April 21, 2025, of no more than 1500 words addressing whether the defendants have waived any objection to the court's exercise of personal jurisdiction, including, but not limited to, by the defendants' counsel not appearing at the hearing on the motions to dismiss and to open. See *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, 227 Conn. 175, 195–96, 629 A.2d 1116 (1993)." We have reviewed the parties' memoranda but conclude that the record is inadequate for this court to address the issue of waiver.

rare exceptions set forth in *Rothermel.* See, e.g., *Argent Mortgage Co., LLC* v. *Huertas*, supra, 288 Conn. 576; *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 129 Conn. App. 435; see also *Deutsche Bank National Trust Co.* v. *McKeith*, 156 Conn. App. 36, 42, 111 A.3d 545 (2015). Even if the court's failure to address the defendants' claim that it lacked personal jurisdiction could have been avoided if the defendants had referenced *Highgate Condominium Assn., Inc.*, in their motions to open rather than for the first time in their motions for reconsideration, or if the defendants' counsel had attended the hearing scheduled on those motions and offered evidence,[14] the defendants clearly raised the issue of insufficient service of process as the basis for opening the judgments in their motions to open, which implicated personal jurisdiction.

Accordingly, the judgments denying the motions to open cannot stand, and we remand the cases to the trial court to hold a hearing and to address whether personal jurisdiction exists. See *Highgate Condominium Assn., Inc.* v. *Miller*, supra, 129 Conn. App. 437 (remanding matter to trial court to hold hearing and to make findings as to personal jurisdiction).

The judgments are reversed and the cases are remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

_____

[14] The court did not determine that the failure of the defendants' counsel to attend the hearing constituted a "failure to prosecute" their motions to open, as the city argues. Instead, although the court acknowledged counsel's failure to attend the hearing, it still considered the motions on the papers.